## URIAH DORMAN v. ALEXANDER CROZIER, *et al.*

1. MECHANIC'S LIEN; *Affidavit by Agent, should be Positive.* An adaffivit made by an agent of another, certifying a statement of a claim filed with the clerk of the district court under section 3 of the mechanic's-lien law of 1871, for the purpose of procuring a mechanic's lien on certain real estate, should be sworn to positively. An affidavit for such a purpose, made by such an agent, stating that "the facts as above set forth, are true and correct according to the best of his [the agent's] knowledge and belief," without showing that he had any knowledge upon the subject, is not sufficient.

2. ——— *Amendment, when to be made.* When an affidavit made in such case is defective, it can be amended only by attaching a sufficient affidavit to the statement, within the time allowed by law for filing the statement with the clerk.

3. ATTORNEY-FEES —*Not Recoverable unless Stipulated for in Contract.* It is error to tax attorney-fees in a foreclosure suit, unless the mortgagor has stipulated to pay them.

### *Error from Miami District Court.*

CROZIER & Co. brought their action to foreclose a mortgage executed by Wm. Toms and wife and Gustavus E. Weylandt and wife, which mortgage was recorded in November 1869. *Uriah Dorman*, Joseph Haefner, Charles Quest, V. C. Jarboe, Frank Playter, and others, were joined as codefendants, as having some interest in or lien upon the mortgaged premises. On the trial, at the May Term 1872, the district court found the priority of liens, and gave judg-

ment against Toms and wife and Weylandt and wife, as
follows: First, in favor of *Crozier & Co.*, for $4,154 debt, and
$200 attorney-fee; second, in favor of *Haefner*, for $2,710
debt, and $75 attorney-fee; third, in favor of *Quest* for $542
debt, and $25 attorney-fee; fourth, in favor of *Jarboe* for
$2,163.50 debt, and $75 attorney-fee; fifth, in favor of *Play-
ter* for $746.44 debt, and $75 attorney-fee; sixth, in favor of
*Dorman* for $2,119.98 debt. No "attorney-fee" was pro-
vided or stipulated for in the mortgages to *Crozier & Co.*, and
Jarboe. *Dorman's* claim was a "mechanic's lien," for lumber
and material furnished to Toms, for which a "statement"
was filed in the office of the clerk of the district court, July
14th 1871. The mortgages to Haefner and Quest were re-
corded July 19th 1871; that to Jarboe was recorded August
19th 1871, and that to Playter was recorded October 25th
1871. *Dorman's* claim, when offered in evidence, was ob-
jected to by mortgagors and the other defendants, as not being
verified as required by the statute. The verification was as
follows:

"STATE OF KANSAS, MIAMI COUNTY, ss: W. J. Bound,
of lawful age, and the agent of Uriah Dorman, a non-resident
of the county of Miami, being by me first duly sworn, de-
poseth and says, that he is the agent of Uriah Dorman, and
the facts as above set forth are true and correct according to
the best of his knowledge and belief.      WM. J. BOUND.

"Subscribed in my presence, and sworn to before me this
14th of July 1871.
[SEAL.]          G. W. WARREN, *County Clerk.*"

The court sustained the objection. *Dorman* then asked
leave to amend the affidavit, and leave being granted the fol-
lowing affidavit was attached to said statement:

"STATE OF KANSAS, MIAMI COUNTY, ss: W. J. Bound,
of lawful age, being duly sworn, deposes and says that the
statements and allegations set forth in the above statement of
Uriah Dorman claiming a lien on certain property belonging
to Toms & Weylandt are true as therein stated and set forth.
              WM. J. BOUND.

"Sworn to before me and subscribed in my presence this
13th of May 1872.          JOHN L. BEESON,
[SEAL.]              *Clerk Dist. Court.*"

*Dorman's* "statement" or claim for a mechanic's lien was then admitted in evidence, but the court postponed his lien, holding it subscquent to those of the other defendants, as above stated. From such decision and judgment, and from the allowance of attorney-fees where not stipulated for, *Dorman* appeals, and brings the case here on error.

*B. F. Simpson,* for plaintff in error:

1. The lien of Dorman would date from the commencement of the delivery of the lumber and materials, and was prior to that of any of the defendants in error; and it was error in the court to postpone it to the liens of defendants in error because of the amendment, thus holding that the statement of lien would only operate as such from the date of the filing of the amended affidavit, instead of holding that the amendment related back to the making of the original affidavit. If this construction is the true one, it entirely destroyed the lien, because under the statutes the statement was not filed in time.

The only object of the statement, so far as the other lienholders are concerned, is to give them notice; and this was accomplished as well under the original as the amended affidavit.

Where an amendment is made only as to form, and does not change or affect the *character* of the demand, it relates back to the filing of the original paper: 45 Mo., 562; 22 Iowa, 259.

2. The court erred in taxing attorney-fees on the mortgages of A. Crozier & Co., and Jarboe, there being no provision in said mortgages authorizing it, and this error is apparent on the face of the record.

*Martin, Burns & Case,* for defendants in error:

On the 14th of July 1871 the paper purporting to be a mechanic's lien in favor of Dorman was filed in the office of the register of deeds of Miami county. The court very properly decided that this paper did not establish a prior lien

in favor of Dorman as against the other parties having *bona fide* liens. The statement was not verified as required by law, so as to affect *bona fide* lien-holders. The amended or substituted affidavit did not cure the defect, if it could be allowed at all. The amended affidavit is in the present tense. (5 Kas., 293 to 304.) The statement to be valid, must be *verified* when filed; and to be valid, it must have been filed (under the laws of 1871,) within two months from the furnishing of the lumber and materials. Dorman's statement was not properly verified until nearly a year after the time fixed by law. It was void as a lien, and could not be cured.

The opinion of the court was delivered by

VALENTINE, J.: An affidavit made by an agent of another verifying a statement of a claim filed with the clerk of the district court under section 3 of the mechanic's-lien law of 1871, (Laws of 1871, page 254,) for the purpose of procuring a mechanic's lien on certain real estate, should be sworn to positively. (See *Atchison v. Bartholow*, 4 Kas., 124; *Ex parte The Bank of Monroe*, 7 Hill, 177.) An affidavit for such a purpose, made by such an agent, stating that "the facts as above set forth are true and correct, according to the best of his [the agent's] knowledge and belief," without showing that he had any knowledge upon the subject, is not sufficient.

Where an affidavit made in such case is defective, it can be amended only by attaching a sufficient affidavit to the statement within the time allowed by law for filing the statement with the clerk. Code, § 139.

It is error to tax attorney-fees in a foreclosure suit unless the mortgagor has stipulated to them. (*Coburn v. Weed*, 12 Kas., 182; *Foote v. Sprague*, 13 Kas., 155.)

This case will be remanded to the court below with the order that the judgment of the court below be modified by striking out the amounts allowed as attorney-fees to A. Crozier

& Co., and to V. C. Jarboe. In other respects the judgment of the court below will be affirmed.

All the Justices concurring.