No. 44,730

D. J. Fair Lumber Co., *Appellant,* v. Norman J. Karlin, Lucille Karlin and Joe Hish, *Appellees.*

(430 P. 2d 222)

Opinion filed July 12, 1967.

*H. Newlin Reynolds,* of Hutchinson, argued the cause and was on the brief for appellant.

*Victor D. Goering,* of Hutchinson, argued the cause, and *John F. Hayes* and *R. J. Gilliland,* of Hutchinson, were with him on the brief for appellees.

The opinion of the court was delivered by

FATZER, J.: At issue is the validity of a subcontractor's mechanic's lien statement for materials supplied in the erection of a certain building, and whether the statement may be amended pursuant to K. S. A. 60-1105 (*b*) to supply a verification.

The defendants, Norman J. Karlin and Lucille Karlin, are the owners of the real property on which the building was erected. Joe Hish, the defendant-contractor, entered into a contract with the Karlins to erect the building. The plaintiff, D. J. Fair Lumber Co., was the subcontractor which furnished the materials in the erection of the building.

On February 26, 1965, the plaintiff filed a statement purporting to be a mechanic's lien with the clerk of the district court, which was signed and acknowledged as follows:

"WITNESS THE HAND of said, The D. J. Fair Lumber Company, the subcontractor and claimant, this 25th day of February, 1965.

"THE D. J. FAIR LUMBER COMPANY
"By D. J. Fair
President

"ATTEST:
"M. P. Fair
"Secretary
"STATE OF KANSAS, COUNTY OF RENO, ss:

"BE IT REMEMBERED, That on this 26th day of February, 1965, before me, the undersigned, a Notary Public in and for the County and State aforesaid, came D. J. Fair, President of the D. J. Fair Lumber Company, a corporation duly organized, incorporated and existing under and by virtue of the laws of Kansas, and M. P. Fair, secretary of said corporation who are personally known to me to be such officers, and who are personally known to me to be the same persons who executed, as such officers, the within instrument of writing on behalf of said corporation, and such persons duly acknowledged the execution of the same to be the act and deed of said corporation.

0

"In testimony whereof, I have hereunto set my hand and affixed my Notarial Seal, the day and year last above written.

R. C. Wyatt
Notary Public

"My Commission Expires: August 25, 1968
"R. C. Wyatt—Notary Public."

The parties concede the lien statement was filed in the requisite statutory time; that the plaintiff mailed a copy of the lien statement to the defendants Karlin by certified mail, return receipt requested; that the description of the real property upon which the lien was claimed was properly described in the lien statement and in the petition seeking foreclosure; that the account was properly attached, and that the plaintiff did under a subcontract with Joe Hish furnish materials which were delivered upon the premises and actually used thereon in the construction of the building.

On February 25, 1966, the plaintiff filed its petition to foreclose the mechanic's lien. In preparing its petition the plaintiff apparently noted *Reeves v. Kansas Coöp. Wheat Mk't Ass'n,* 136 Kan. 306, 15 P. 2d 446, where it was held that a lien statement which was "acknowledged" instead of "verified" was invalid, and *Ekstrom United Supply Co. v. Ash Grove Lime & Portland Cement Co.,* 194 Kan. 634, 400 P. 2d 707, which held that the failure of a sub-contractor to verify its lien statement pursuant to G. S. 1961 Supp. 60-1403, was fatal to recovery, since paragraph 7 of the petition states:

"That in the event the court finds that the materialmen's lien attached hereto was not properly verified, the Plaintiff requests authority to amend said lien in accordance with K. S. A. 60-1105 (*b*) so that the materialmen's lien will conform to the requirements of K. S. A. 60-1102 and K. S. A. 60-1103."

On March 3, 1966, the defendants Karlin filed their motion to dismiss the plaintiff's action for the reason the petition and exhibits showed affirmatively upon their face the lien statement in question contained no verification whatsoever but was "acknowledged" in lieu thereof, which rendered the statement fatally defective and not subject to amendment.

In a memorandum opinion the district court concluded that, lacking verification, the lien statement was vitally defective, and not being corrected within the statutory period for obtaining a lien, the defect went to the whole of the claim and the statement could not be amended pursuant to K. S. A. 60-1105 (*b*). It sustained

the Karlins' motion to dismiss, being of the opinion the subcontractor was not entitled to a personal judgment against the property owners.

The plaintiff concedes the lien statement was not "verified" but instead was only "acknowledged," and limits its argument to whether the district court erred in refusing to permit the plaintiff to amend the lien statement pursuant to K. S. A. 60-1105 (*b*) by properly verifying it to conform with K. S. A. 60-1102 and 60-1103.

Was the lien statement subject to amendment by permitting the plaintiff to verify it one day less than one year after it was filed? We think not. K. S. A. 60-1102 expressly requires that a mechanic's lien statement shall be verified by the claimant when it is filed. Here the lien statement was not verified at all; it was only acknowledged. It is obvious that an acknowledgment does not constitute a verification nor even an attempted one. An acknowledgment shows, merely *prima facie*, that an instrument was duly executed, whereas a verification is an affidavit attached to a statement as to the truth of the matters therein set forth. On this subject, Mr. Justice Fontron, in his dissenting opinion in *Ekstrom United Supply Co. v. Ash Grove Lime & Portland Cement Co.*, supra, stated the following, which the court adopts:

". . . The distinction between a verification and an acknowledgment is too well recognized and understood to require extensive comment. It is enough to say that the two are not equivalents; an acknowledgment serves a quite different purpose than does a verification." (l. c. 639.)

In the *Ekstrom* case it was held that the failure of the subcontractor to verify its lien statement in accordance with the mandatory provisions of the statute was fatal to recovery, and in the opinion it was said:

"It is a settled rule in this state that equitable considerations do not ordinarily give rise to a mechanic's lien. Being created by statute, a mechanic's lien can only arise under the circumstances and in the manner prescribed by the statute. A lien claimant must secure a lien under the statute or not at all. (*Don Conroy Contractor, Inc. v. Jensen,* 192 Kan. 300, 304, 387 P. 2d 187.) The validity of a lien created solely by statute depends upon the terms of the statute, and parties may not by estoppel enact or enlarge a statute. (*Clark Lumber Co. v. Passig,* 184 Kan. 667, 673, 339 P. 2d 280.) *There is no privity of contract between the subcontractor and the owner, and the former can only obtain a lien by compliance with the statutory provisions. It is not enough that he has furnished the material and filed a lien. The verification prescribed in the statute is one of the necessary steps. Without such verification the lien claimant obtains nothing. The right to claim and enforce his*

*lien being statutory, compliance with the statute is a prerequisite.* (*Jones v. Lustig,* 185 Kan. 208, 210, 341 P. 2d 1018." (l. c. 635, 636.) (Emphasis supplied.)

In *Reeves v. Kansas Coöp. Wheat Mk't Ass'n,* 136 Kan. 306, 15 P. 2d 446, the action was to enforce a thresher's lien authorized by R. S. 58-204, now K. S. A. 58-204, and it was said:

". . . It will be observed that the statement contains no verification, but only an ordinary acknowledgment of the execution of the instrument and a certification that Reeves, who signed the statement, was personally known to the notary to be the person who did sign it and that the signer acknowledged the same to have been his own free will and act . . . The thresher's lien is a creation of statute and is to be perfected by taking the steps which the statute prescribes shall be taken. The right to acquire a thresher's lien is definitely given if the prescribed steps are taken by the thresher, but an enforceable lien can only be obtained by a substantial compliance with the statutory requirements. As has been seen, a number of requirements are prescribed, and one of the important ones is that a verified statement of the things essential to a lien shall be filed for record . . .

"The verification prescribed in the statute means that the statement filed shall be sworn to by the claimant before an officer having authority by law to administer and certify oaths and affirmations. It was evidently intended to require truth and accuracy in the statement, but, whatever the purpose may have been, it is an essential element of a valid lien . . . *The statute is mandatory, and the lack of a verification in the statement filed . . . necessarily defeats the lien.* In claims for mechanic's liens there are some similar statutory requirements, and authorities on those cases have some application. It has been held that references and evidence outside of the lien statement are not sufficient to support a lien . . ." (l. c. 308, 309.) (Emphasis supplied.)

In Phillips, Mechanics' Liens (3d ed.), p. 637, §366, it was said:

"Where a statute declares that the notice to create a lien 'shall be verified' before filing, it is essential to the *creation of the* lien that it should be sworn to in the manner prescribed. *The want of verification, or of a sufficient verification, is a defect which goes to the whole claim, and cannot be amended . . .*" (Emphasis supplied.)

In *Logan-Moore Lumber Co. v. Foley,* 181 Kan. 984, 317 P. 2d 467, reference was made to G. S. 1949, 60-1405, providing in substance that in case an action was brought, any lien statement may be amended by leave of court in the furtherance of justice as pleadings may be in any matter, except as to the amount claimed, and it was said:

". . . The provision for amendment of the lien statement in a proceeding brought for its enforcement is not intended to authorize the court to create a lien where none was created by the statement which was filed. In one sense

of the word, there really was nothing for plaintiff to amend, and even if there were, the requested amendment most certainly sought to change substantially the claim. . . ." (l. c. 990.)

In *Safford & Son Lumber Co. v. Kerley,* 184 Kan. 59, 334 P. 2d 334, it was said that to permit "amendment" or "reformation" after the statutory period for filing a mechanic's lien would place the court in the position of creating a lien, where none was in effect, and it was held:

"The right to reform or amend a lien statement under the provisions of G. S. 1949, 60-1405 is dependent upon a present, existing and unreleased lien statement being on file." (Syl.)

The plaintiff contends that the cases of *Logan-Moore Lumber Co. v. Foley,* supra, and *Logan-Moore Lumber Co. v. Black,* 185 Kan. 644, 347 P. 2d 438, which held there can be no amendment to create a lien where none was created by the statement when it was filed, were decided pursuant to G. S. 1949, 60-1405 which has since been repealed and replaced by K. S. A. 60-1105 (*b*) liberalizing the district court's discretion to amend, by deleting from the old statute which permitted amendments only "as pleadings may be in any matter." K. S. A. 60-1105 is a part of the new code of civil procedure, and provides, in part:

"(*b*) *Amendment.* Where action is brought to enforce a lien the lien statement may be amended by leave of the judge in furtherance of justice, except to increase the amount claimed."

Commenting upon this section, Judge Gard, in Kansas Code of Civil Procedure, Annotated, p. 661, states:

"This provision is the same as the last part of GS 1949, 60-1405, relating to amendment of the lien statement. The attitude toward amendment in Kansas has been liberal, both as expressed by the legislative intent and by the court decisions. This subsection does not make it less so . . ."

However, Judge Gard continues:

"In order to justify an amendment the lien statement must have been sufficient when filed to perpetuate the lien. S. J. Safford & Son Lumber Co. v. Kerley, 184 Kan. 59, 334 P. 2d 334. Thus any amendment may be permitted to perfect a lien statement not vitally defective . . ." (p. 661.)

This court has always liberally construed our mechanic's lien statutes, once a lien has attached, but it has consistently held that a mechanic's lien can only be acquired in the manner and upon the conditions prescribed in the statute; that the verification prescribed by the statute is an essential and fundamental step; that

without such verification the lien claimant obtains nothing, and that the right to claim and enforce such a lien, being statutory, compliance with the statute is a prerequisite. That being the case, this court is of the opinion the language used in K. S. A. 60-1105 (*b*) is not sufficiently different from that used in the prior statute (G. S. 1949, 60-1405) to permit amendment of a vitally defective lien statement after the statutory period in which to file such lien has expired.

The plaintiff's lien statement, lacking verification, created no lien. The acknowledgment added nothing to its validity. Paragraph 7 of the plaintiff's petition requested the court to amend and perfect a lien which was imperfect on its face. The exercise of the power of amendment conferred by 60-1105 (*b*) is limited by the possibility of injustice to either the defendant or to third persons, and the burden is upon the claimant to show the proposed amendment would not work an injustice. The power is further limited where the proposed amendment would evade or defeat the operation of statutes—here, 60-1102 and 60-1103—since no court has power to nullify statutes valid on their face. (*Atkinson v. Woodmansee,* 68 Kan. 71, 74 Pac. 640.) In short, the plaintiff's proposed amendment would not have been "in the furtherance of justice" since the amendment sought would have had the effect of creating a lien where none previously existed, and this, as we have seen, would evade or defeat the operation of 60-1102 and 60-1103.

In view of the foregoing, we hold that the acknowledgment of plaintiff's mechanic's lien statement was not a verification or an attempted verification as required by K. S. A. 60-1102 and 60-1103, and since the same was not corrected within the statutory period for obtaining a valid lien, the lien statement was vitally defective when filed, and it cannot now be amended to permit its verification. The district court did not err in dismissing the plaintiff's action.

The judgment is affirmed.