## No. 46,916

SUTHERLAND LUMBER CO., JAN FAGG, JAMES FAGG, TERRY HIRT, BERL MARTIN, and STEVE MORSE, *Appellants*, v. L. E. DUE and CAROLYN DUE, Husband and Wife, and LAWRENCE E. ADKINS and JOHN HALEY d/b/a ARM POLE BARN CONSTRUCTION CO., *Appellees*.

(512 P. 2d 525)

Opinion filed July 14, 1973.

*Melvin L. Schmidt*, of Garnett, argued the cause and was on the brief for the appellants.

*David Mullies*, of Fort Scott, argued the cause, and *Douglas G. Hudson*, also of Fort Scott, was with him on the brief for the appellees

The opinion of the court was delivered by

FONTRON, J.: This action involves the sufficiency of a subcontractor's lien statement for materials furnished and used in the construction of a barn. The trial court sustained a defense motion to dismiss the action and the materialman has appealed.

In the course of this opinion we shall refer to the lien claimant, Sutherland Lumber Co., as plaintiff or Sutherland, and to the owners of the barn as defendants or the Dues.

The barn in controversy was built on land which the Dues were buying on contract from a couple by the name of Sutton. The prime contractors were two individuals, their names not being important, who were doing business as Arm Pole Barn Construction Company. These estimable gentlemen became insolvent after they had collected the contract price from the Dues, thus leaving either the Dues or the laborers and materialmen to hold the sack. Sutherland was one of the unpaid creditors—to the tune of $1,006.78.

Motions were filed by the defendants both to quash the service of summons and to dismiss the action for plaintiff's failure to state a claim on which relief could be granted. (K. S. A. 1972 Supp. 60-212 [b] [6].) No ruling appears to have been made on the defendants' motion to quash but their motion to dismiss was sustained, although the trial court did not specify in what respect the petition was deemed to be deficient.

So far as material to this case, K. S. A. 1972 Supp. 60-1103 provides that a subcontractor may obtain a lien in the same manner and to the same extent as the original contractor, except that his lien statement must also state the name of the contractor and it must be filed within three months after the date material or equipment was last furnished or labor performed by the claimant.

K. S. A. 60-1102 provides that any person claiming a mechanic's lien on real property must file with the clerk of the district court a verified statement showing the following:

"(1) The name of the owner,
(2) the name of the claimant,
(3) a description of the real property,
(4) a reasonably itemized statement and the amount of the claim, but if the amount of the claim is evidenced by a written instrument, or if a promissory note has been given for the same, a copy thereof may be attached to the claim in lieu of the itemized statement."

It has been the contention of the defendants, throughout, that the lien statement filed by Sutherland was deficient with respect to items (1), (3) and (4).

Before considering their contentions in detail we pause to repeat what this court has said on past occasions: Mechanics' liens are statutory in origin and one who claims such a lien has the burden of bringing himself within the purview of the statutes which create

them. (*Bell v. Hernandez*, 139 Kan. 216, 30 P. 2d 1101; *Gaudreau v Smith*, 141 Kan. 123, 40 P. 2d 365.) There is no privity of contract between a subcontractor and a property owner, and the former can obtain a lien only by complying with the statutory provisions. (*Ekstrom United Supply Co. v. Ash Grove Lime & Portland Cement Co.*, 194 Kan. 634, 400 P. 2d 707; *D. J. Fair Lumber Co. v. Karlin*, 199 Kan. 366, 430 P. 2d 222.)

We proceed to a discussion of item (1): The name of the owner. In the lien statement the owners were named as Mr. and Mrs. L. E. Due of Rural Route 1, Centerville, Kansas, whereas it subsequently developed they were purchasing the property under a contract from Mr. and Mrs. Sutton. Nonetheless, we consider the defendant's complaint in this regard to be without merit. This court has held that one who is purchasing land under a contract is an "owner" within the contemplation of our mechanics' lien statutes. In *Toler v. Satterthwaite*, 200 Kan. 103, 434 P. 2d 814, we had this to say:

". . . As used in the statute relating to liens for labor and material, the word 'owner' does not admit of any narrow construction that it include only the holder of the fee, but means the owner of an interest or estate in real property, and includes every character of title, whether legal or equitable, fee simple or leasehold. (Citing cases.)" (p. 109.)

See, also, *Schwaller Lumber Co., Inc. v. Watson*, 211 Kan. 141, 505 P. 2d 640.

Furthermore, the plaintiff amended its petition by alleging that Mr. and Mrs. Sutton were the owners of the legal title to the land in question. This amendment was timely accomplished under K. S. A. 60-215 (*a*) before a responsive pleading had been served to the Sutherland petition.

Passing to the second objection raised to the sufficiency of the lien statement we encounter a more serious problem. The statute provides that the statement shall contain "a description of the real property." The statement filed by Sutherland described the real property on which a lien was claimed as being in Linn County, Kansas, to wit:

"[O]ne barn and the surrounding tract of land belonging to Mr. and Mrs. L. E. Due of Rural Route 1, Centerville, Kansas,"

It is our opinion that the attempted description was insufficient under K. S. A. 60-1102. Essentially, it amounts to nothing more definite than that the land lay in Linn County. While the Dues' address was stated to be Rural Route 1, Centerville, that did not necessarily fix the situs of the barn as being on that route. Or, if it

could be said by implication to describe the land involved, there is nothing to suggest the extent or length of Rural Route 1, or on what stretch or portion of the route the Dues were residing or on which the subject land was situated. In short, we believe the description was so vague, so general and so uncertain as to give little if any notice of the land's location to interested parties.

K. S. A. 60-1102 (*b*) requires the clerk of the district court on receiving a lien statement to record the same in a mechanic's lien docket, showing in separate columns "When filed," "Name of owner," "Name of claimant," "Amount claimed," "Description of property," and "Remarks." The clerk in this case would be hard put to place a meaningful description of the property subject to the lien under the proper column.

The inadequacy of the description becomes even more apparent when we discover from the plaintiff's petition that Mr. and Mrs. Due owned four separate tracts of land in three different sections and that Sutherland did not know which parcel of their real estate was playing host to the barn.

We believe the generally accepted rule to be that the description required by a mechanic's lien statute should be sufficient for identification, that is, the lien statement should point out the improvement with reasonable certainty. (53 Am. Jur. 2d, Mechanics' Liens, § 213, p. 732.) In 57 C. J. S., Mechanics' Liens, § 161, p. 682, the matter is expressed in this language:

"The statutes regulating the acquisition of mechanics' liens universally require that the lien notice, claim, or statement shall contain a description of the property on which the lien is claimed for the purpose of having the papers on record afford a ready means of identification of the property to impart notice to any interested person that the lien attaches to a certain piece of property."

A statement found with some frequency among legal authorities is that where enough appears in the description to enable a person familiar with the locality to identify the premises with reasonable certainty, to the exclusion of others, it will be considered sufficient. (52 A. L. R. 2d Anno: Mechanic's Lien—Claim—Description, § 3, p. 21.)

Kansas may be said to adhere generally to the rules we have stated. In the early case of *Seaton v. Hixon*, 35 Kan. 663, 12 Pac. 22, certain property was described in the lien statement as being in the city of Atchison, Kansas, and as "lots 15 and 16, block A A, corner Q and South Fourth streets." In holding this description to be sufficient the court said:

". . . We think the description is amply sufficient under the findings of the court. The description is true in every particular; no other property answers to this description, and the property may easily be found by anyone who may be acquainted with this description and with the facts which exist, and which may easily be ascertained upon inquiry. . . .

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"We presume that lots 15 and 16, in block A A, South Atchison, have well-defined and well-known or easily-ascertained boundaries, and that such boundaries are specifically shown by the official plat. There is certainly nothing in the record showing the contrary." (pp. 667, 668.)

The *Seaton* case has been cited on a number of occasions, usually in cases connected with deeds. In none of the cases, however, has the description been as loose, vague or ill defined as that being questioned here. We are constrained to hold that the so-called description contained in this lien statement does not meet the standards of certainty required by our statute.

We do not intend to say that under appropriate circumstances the description set out in a lien statement may not be amended by leave of court pursuant to the provisions of K. S. A. 60-1105 (*b*). (*Atkinson v. Woodmansee,* 68 Kan. 71, 74 Pac. 640; *Gaudreau v. Smith,* supra.) The statute reads as follows:

"Where action is brought to enforce a lien the lien statement may be amended by leave of the judge in furtherance of justice, except to increase the amount claimed."

However, this statute can have no application in this case so far as the description of the property is concerned, for the record shows no effort on the part of Sutherland to amend the description set out in its lien statement.

The defendants have contended, and still insist, that the statement filed by Sutherland was defective in still another respect, *i. e.,* in failing to set forth an itemized statement of the claim, as is required by item (3) to which reference has heretofore been made. As to this alleged deficiency Sutherland had taken the precaution of filing motions before the trial court for leave to amend both the petition and lien statement by filing an itemized statement of its account. The court had not ruled on those motions when it dismissed the lawsuit and Sutherland maintains the court abused its discretion in refusing to permit amendment, it being argued that the dismissal was tantamount to denying the motions to amend.

We have already held the lien statement deficient in its description of the property against which the lien was claimed. We therefore

deem it unnecessary to determine whether the court abused its discretion in failing to sustain the plaintiff's motions to amend its account by itemizing the same, no matter how intriguing that question might be.

The judgment of the court below is affirmed.