(621 P.2d 1021)
No. 51,163
No. 51,192

WILLIAM C. HALSEY and ANNA L. HALSEY, his wife, *Appellees,* v. PAT REICHENBERGER LUMBER, INC., A Kansas Corporation, *Appellant,* and JIM MCCULLOUGH and MARIAN MCCULLOUGH, his wife, *Appellees,* v. PAT REICHENBERGER LUMBER, INC., A Kansas Corporation, *Appellant.*

Opinion filed January 16, 1981.

*Jack Peggs* and *Mark Wetta,* of Smith, Shay, Farmer & Wetta, of Wichita, for appellant.

*Alan C. Goering,* of Chapin, Penny & Goering, of Medicine Lodge, for appellees.

Before FOTH, C.J., MEYER, J., and MILLER, District Judge Retired, sitting by designation.

MEYER, J.: This appeal is from a summary judgment in consolidated quiet title actions to clear property of mechanics' liens.

Pat Reichenberger Lumber, Inc. (appellant), filed mechanics' liens against the properties of William C. and Anna L. Halsey, and Jim and Marian McCullough (appellees) for materials supplied and labor performed. Appellees brought quiet title actions and moved for summary judgment after discovery depositions were taken, on the basis that the verifications of the liens were defective as a matter of law.

The deposition of the president of appellant lumber company indicates that the lien statements were prepared by attorneys in Wichita and mailed to him at Andale. He signed the lien state-

ments as president of appellant lumber company on the line reserved for claimant. He then returned the statements to his attorneys where the notary public in the law office affixed her notarial seal and signed the statements. There was no contact between the president of appellant lumber company and the notary.

Appellant's president further testified that he understood that he was signing the statements under oath and that he intended same to be true and correct statements. The trial court granted appellees' motion for summary judgment and appellant brings this appeal.

The issues herein are whether an affidavit signed out of the presence of a notary is invalid, and whether the lack of valid verification invalidates a mechanic's lien. Since these issues are closely intertwined, we shall deal with them together.

A verification of the mechanic's lien statement is required by statute. "[A] verification is an affidavit attached to a statement as to the truth of the matters therein set forth." *D. J. Fair Lumber Co. v. Karlin,* 199 Kan. 366, 369, 430 P.2d 222 (1967).

"An *affidavit* is defined as being a written statement, under oath, sworn to or affirmed by the person making it before some person who has authority to administer an oath or affirmation. (2A C.J.S., Affidavits, § 2, pp. 435-436; and 3 Am. Jur. 2d, Affidavits, § 1, p. 380.)" *State v. Knight,* 219 Kan. 863, 867, 549 P.2d 1397 (1976).

Further, "[I]n order to make an affidavit, there must be present at the same time the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath." *In re Education Association of Passaic, Inc.,* 117 N.J. Super. 255, 267, 284 A.2d 374 (1971). See also 2A C.J.S., Affidavits § 30, p. 465; *Thompson v. Self,* 197 Ark. 70, 122 S.W.2d 182 (1938); *In re Kugler,* 124 N.J. Eq. 309, 1 A.2d 642 (1938).

We conclude that the affidavit herein was invalid because it was signed outside the presence of a notary. K.S.A. 60-1102(*a*) states the requisites for the filing of a mechanic's lien to be as follows:

"Any person claiming a lien on real property, under the provisions of K.S.A. 60-1101, shall file with the clerk of the district court of the county in which property is located, within four (4) months after the date material, equipment or supplies, used or consumed was last furnished or last labor performed under the contract a verified statement showing:

(1) The name of the owner,

(2) the name of the claimant,

(3) a description of the real property,

(4) a reasonably itemized statement and the amount of the claim, but if the amount of the claim is evidenced by a written instrument, or if a promissory note has been given for the same, a copy thereof may be attached to the claim in lieu of the itemized statement."

The court has consistently held that a mechanic's lien is not valid without a proper verification. In *D. J. Fair Lumber Co. v. Karlin,* 199 Kan. at 371-72, the court, after extensive review of the law, stated:

"This court has always liberally construed our mechanic's lien statutes, once a lien has attached, but it has consistently held that a mechanic's lien can only be acquired in the manner and upon the conditions prescribed in the statute; that the verification prescribed by the statute is an essential and fundamental step; that without such verification the lien claimant obtains nothing, and that the right to claim and enforce such a lien, being statutory, compliance with the statute is a prerequisite."

The court concluded that K.S.A. 60-1105(*b*) does not permit "amendment of a vitally defective lien statement after the statutory period in which to file such lien has expired." 199 Kan. at 372. Thus, the lien statement was vitally defective when filed, and it cannot now be amended to permit its verification.

It follows that the judgment of the trial court should be affirmed.

Affirmed.