No. 54,898

THE TRANE COMPANY, *Appellant,* v. KOSTA BAKKALAPULO, FOTINI BAKKALAPULO, BILL B. LIMBAUGH, WILLIAM P. BIGGINS, DON J. McMURRAY COMPANY, and THE NATIONAL TRAVELER'S LIFE COMPANY OF DES MOINES, IOWA, *Appellees.*

(672 P.2d 586)

Opinion filed December 2, 1983.

*Charles R. Wilson,* of Cooke, Ballweg, Borth, Wilson & Simpson, of Prairie Village, argued the cause, and *Bruce E. Moore,* of the same firm, was with him on the brief for the appellant.

*Thomas Buchanan,* of Balloun & Bodinson, Chartered, of Olathe, and *Kenneth Bigus,* of Kaplan, Shanberg, Bigus & Osman, of Kansas City, Missouri, argued the cause, and *Ron Bodinson,* of Balloun & Bodinson, Chartered, of Olathe, was with them on the brief for the appellees.

The opinion of the court was delivered by

LOCKETT, J.: This action arises out of an attempted foreclosure by plaintiff-appellant, The Trane Company, of a subcontractors mechanic's lien (lien), filed pursuant to K.S.A. 1980 Supp. 60-1103. Defendants-appellees filed a motion to dismiss the action,

contending that the plaintiff-appellant's lien statement was not properly verified, therefore defective. The trial court found in favor of the defendants. The Court of Appeals affirmed the trial court in a rule opinion. Plaintiff's Petition for Review was accepted by this court.

The facts are undisputed. The Trane Company (Trane) supplied air conditioning equipment and materials to Joseph Lee Miller, Inc. (Miller). Miller, a general contractor, installed the equipment supplied by Trane in a building under construction in Overland Park, Kansas.

Trane, a Wisconsin corporation, sought to file a lien statement. Trane retained the services of Charles R. Wilson, Attorney at Law, to act on behalf of Trane. Trane executed a power of attorney authorizing Mr. Wilson to execute and file all documents to assert the lien on Trane's behalf. Mr. Wilson prepared and filed a lien statement on March 13, 1981.

Trane did not receive payment for the equipment supplied Miller. On March 12, 1982, Trane filed an action seeking in Count I a personal judgment against Miller for $7,500.00, and in Count II a foreclosure of the lien. Other individuals and companies having various interest in the Overland Park property were joined as defendants in Count II of Trane's petition. (For clarity the various interests and names of the other defendants are not set forth in this opinion.)

Miller and the other defendants filed a motion to dismiss Trane's petition. The trial court, relying on *Ekstrom United Supply Co. v. Ash Grove Lime & Portland Cement Co.*, 194 Kan. 634, 400 P.2d 707 (1965), held that the lien statement was defective in that it lacked a proper verification as required by K.S.A. 60-1102.

Our mechanic's lien statute, K.S.A. 60-1102, provides in part:

"(a) *Filing.* Any person claiming a lien on real property, under the provisions of K.S.A. 60-1101, shall file with the clerk of the district court of the county in which property is located, within four (4) months after the date material, equipment or supplies, used or consumed was last furnished or last labor performed under the contract a verified statement showing:

"(1) The name of the owner,

"(2) the name of the claimant,

"(3) a description of the real property,

"(4) a reasonably itemized statement and the amount of the claim, but if the amount of the claim is evidenced by a written instrument, or if a promissory note

has been given for the same, a copy thereof may be attached to the claim in lieu of the itemized statement."

K.S.A. 1980 Supp. 60-1103 allows any subcontractor or other person furnishing labor, equipment, material or supplies, used or consumed at the site of the property subject to a lien, under an agreement with the contractor or a subcontractor of a contractor, to obtain a lien in the same manner as the original contractor with certain exceptions.

The parties admit that Trane's lien statement was filed within the statutory time; the description of the property upon which the lien was claimed was properly set out in the lien statement, the account was properly attached, and the articles purchased were delivered upon the premises and used in the construction of the building. Trane's lien statement was signed:

"s/ Charles R. Wilson
  Charles R. Wilson
  Attorney at Law and
  Attorney in fact for Claimant."

The verification, however, was signed:

"Charles R. Wilson being first duly sworn, on his oath states that the above and foregoing statement is true and correct and that the amount therein claimed is justly due the Claimant.

s/ Charles R. Wilson"

The sole issue on appeal is the sufficiency of the affidavit verifying the lien statement.

Trane was a subcontractor in the construction of the Overland Park building. A subcontractor may obtain a mechanic's lien upon property pursuant to K.S.A. 1980 Supp. 60-1103 and K.S.A. 60-1102. See *Sutherland Lumber Co. v. Due,* 212 Kan. 658, 659, 512 P.2d 525 (1973). K.S.A. 60-1102 requires that the lien statement be verified. A verification in a mechanic's lien context has been defined as "an affidavit attached to a lien statement that facts essential to the existence of a lien set forth in the statement are true." *D. J. Fair Lumber Co. v. Karlin,* 199 Kan. 366, Syl. ¶ 4, 430 P.2d 222 (1967). The filing of a verification is a necessary step in obtaining a mechanic's lien. *Ekstrom,* 194 Kan. at 636.

The trial court relied on *Ekstrom,* 194 Kan. 634, in dismissing Trane's claim against the defendants based on the improper verification of its lien. In *Ekstrom,* the plaintiff's mechanic's lien statement filed with the clerk was signed:

" 'Ekstrom United Supply Company
" 'By s/ W. L. Johnston
      Claimant' "

194 Kan. at 635.

The verification attached to the lien statement read:

" 'State of Kansas, Allen County, ss:
  " 'I do solemnly swear that I am the claimant above named and that the foregoing statement is true in every particular.

" ' s/ W. L. Johnston

" 'Subscribed and sworn to before me this 31st day of July, 1962.

" ' s/ Berenice Dobie
" 'Notary Public
" 'Com. Exp: 5-3-65' "
194 Kan. at 635.

The court in *Ekstrom* held:

"In the instant case the lien statement was executed and signed by plaintiff Ekstrom United Supply Co. as claimant by W. L. Johnston. So much would appear to be regular and unimpeachable. The verifying affidavit, however, signed by W. L. Johnston in which he swears he is the claimant, says nothing about his being an agent and making it in behalf of the plaintiff or anyone else. The lien statement filed and signed by the plaintiff alleging that it furnished the material to the defendant was not verified by plaintiff or W. L. Johnston as its agent. Failure of the plaintiff to verify its lien statement in accordance with the mandatory provisions of the statute is fatal to its right to recover in the instant action, and the judgment of the trial court must be affirmed." 194 Kan. at 636.

The deficiency lay in the fact that Johnston had verified the lien statement as an individual, seeming to be the individual claimant, whereas the real claimant was Ekstrom United Supply Company. Had Johnston shown in his affidavit that he was verifying the statement on behalf of the corporate claimant, the lien statement would presumably have been upheld.

K.S.A. 60-1102 prescribes the contents of a mechanic's lien statement but does not prescribe by whom a mechanic's lien statement should be verified. The claimant Trane was a corporation. A corporate lien claimant such as Trane cannot as a corporation either sign a lien statement or verify one. Both statement and verification must be signed and executed by some individual acting for and on behalf of the corporation. An agent of the claimant may verify a lien statement.

This case is distinguishable from *Ekstrom*. Here the lien statement itself was signed by Charles R. Wilson, who is an

attorney and has the capacity to sign for Trane since he is the attorney in fact for the claimant, Trane. Following the lien statement is the verification in which Wilson, after being first duly sworn, states the above and foregoing statements are true and correct and that the amount claimed is justly due the claimant Trane. The verification is then signed Charles R. Wilson.

The purpose of a verification is to verify the truth of the matter set forth in the document being verified. "A verification is an affidavit attached to a statement as to the truth of the matters therein set forth." *Halsey v. Pat Reichenberger Lumber, Inc.*, 5 Kan. App. 2d 622, Syl. ¶ 1, 621 P.2d 1021 (1981). When Charles R. Wilson verified the mechanic's lien statement presently in issue, the effect of his verification was to swear to the truth of the matter contained in the body of the lien statement, including his representative capacity.

"[V]erification . . . is . . . a sworn statement of the truth of the facts stated in the instrument verified. An affidavit thus referring to an attached instrument *is as full and complete as if the matters stated in such instrument were set out in the affidavit itself.*" 3 Am. Jur. 2d, Affidavits § 20, p. 397. Emphasis supplied.

Where the effect of the verification is to incorporate by express reference each of the allegations referred to in the attached statement, and to swear to the accuracy of those allegations, it is redundant to require the affiant to restate his representative capacity in the affidavit where it already appears in the statement being verified.

The lien statement, both the body and verification together, must be considered in its entirety. The lien statement's validity must be ascertained from its four corners. When the instrument is so construed, it is obvious that Wilson is not the corporate claimant, but acts simply as its agent, and that his verification is simply an oath stating that the information contained within the statement is true. The object of the verification is to assure the truth of the lien statement. The statutory requirements of K.S.A. 60-1102 and K.S.A. 1980 Supp. 60-1103 were satisfied in Trane's lien statement. It was error not to enforce it.

The trial court and the Court of Appeals are reversed and the case is remanded to the trial court for further proceedings.

MILLER, J., concurring: I agree with the resolution of *this* case as set forth in the majority opinion. I would urge, however, that

the case of *Ekstrom United Supply Co. v. Ash Grove Lime & Portland Cement Co.,* 194 Kan. 634, 400 P.2d 707 (1965), should not only be distinguished, but it should be overruled. In *Ekstrom,* Justice Fontron in his dissenting opinion points out that the court has adopted a technical viewpoint, unsupported by our prior decisions, and that the lien statement is, in his view, adequate. I agree. Our lien statute, K.S.A. 60-1102, merely requires that the lien statement be verified. It does not require that the authority of the person verifying the lien be stated. The general rule, which I believe to be just and which we should follow, is set forth in 57 C.J.S., Mechanics' Liens § 167 d(1), p. 712, as follows:

"Where the verification is made by a person other than claimant, it is perhaps usual to state the relation which affiant bears to claimant; but, unless so required by statute, it is not necessary that the affidavit of verification shall state that affiant is the agent of claimant or that he makes the verification in behalf of claimant."

The authority of the person signing the lien statement and verifying it on behalf of the claimant is a matter of proof. It can be established—or successfully challenged—at trial. The statute merely requires that the lien statement be *verified. Ekstrom* has added another requirement, one not included in the lien statute by the legislature. This lays a trap for the unwary supplier of labor or materials. Our ultimate goal is to do justice. We should not permit the potential defeat of meritorious claims because of some minor and unnecessary court-imposed technicality.

*Ekstrom* should be overruled.

PRAGER and HERD, JJ., join the foregoing concurring opinion.