(692 P.2d 397)
No. 56,233

WAYNE LEWIS, d/b/a LEWIS EXCAVATION, *Appellant*, v. WANAMAKER BAPTIST CHURCH, *Appellee*.

Opinion filed December 20, 1984.

*Joseph D. Johnson*, of Topeka, for appellant.

*Louis F. Eisenbarth* and *Ruth E. Graham*, of Sloan, Listrom, Eisenbarth, Sloan & Glassman, of Topeka, for appellee.

Before PARKS, P.J., BRISCOE, J., and JEROME HARMAN, Chief Judge Retired, assigned.

PARKS, J.: Plaintiff Wayne Lewis d/b/a Lewis Excavation, a subcontractor, brought suit to foreclose his mechanic's lien against the property of defendant landowner, Wanamaker Baptist Church. The trial court held that the mechanic's lien was void because it lacked proper verification and denied relief. Plaintiff appeals.

In the Spring of 1982, defendant landowner contracted with George Hollyhead, as general contractor, to construct a new sewer line hookup with the city sewer. Plaintiff was selected to do the excavating and he performed the tasks included in his bid as well as others requested by the general contractor. Hollyhead did not pay plaintiff the money due him, so plaintiff filed a mechanic's lien against the church property on April 9, 1982. The trial court found the mechanic's lien fatally defective because the verification statement signed by plaintiff was qualified as being according "to the best of his knowledge and belief." The pertinent part of the verification states as follows:

"That he is the claimant in the above and foregoing Mechanics Lien; that he has read the above and foregoing lien and swears that the statements and allegations contained therein along with the attached Exhibit 'A' are true and correct to the best of his knowledge and belief."

A lien statement must be filed in order for the lien to be valid

and enforceable and it must satisfy the following provisions of K.S.A. 60-1102:

"Any person claiming a lien on real property, under the provisions of K.S.A. 60-1101, shall file with the clerk of the district court of the county in which property is located . . . a verified statement showing:
(1) The name of the owner,
(2) the name of the claimant,
(3) a description of the real property,
(4) a reasonably-itemized statement and the amount of the claim, . . ."

Although the mechanic's lien provisions are liberally construed once the lien has been shown to have attached, the requirements for the lien to come into existence must be strictly met. *Holiday Development Co. v. Tobin Construction Co.*, 219 Kan. 701, 704-05, 549 P.2d 1376 (1976). K.S.A. 60-1102 states that the lien statement should be verified and this verification has been held to mean an affidavit attached to the statement swearing to the truth of the matters set forth. *Trane Co. v. Bakkalapulo*, 234 Kan. 348, 352, 672 P.2d 586 (1983). An acknowledgment merely showing that the document was duly executed will not substitute for a verification. *D.J. Fair Lumber Co. v. Karlin*, 199 Kan. 366, 369, 430 P.2d 222 (1967). However, the information necessary to establish the sufficiency of the verification may be supplied in the text of the lien statement as well as the verification affidavit itself. *Trane*, 234 Kan. at 352. Nevertheless, the verification requirement must be strictly met before the lien can be adjudged valid.

The only Kansas case dealing squarely with the efficacy of a less than absolute verification in a mechanic's lien context held that an affidavit made by an agent to the best of his knowledge and belief without a showing that he had any knowledge on the subject was insufficient. *Dorman v. Crozier*, 14 Kan. 224 (1875). Other cases involving the sufficiency of affidavits required as verification in various proceedings have similarly rejected the effectiveness of a qualified statement. See, *e.g.*, *Harrison v. Beard*, 30 Kan. 532, 2 Pac. 632 (1883); *City of Atchison et al. v. Bartholow et al.*, 4 Kan. *124, 140 (1866).

The apparent strictness of this requirement is not without purpose. The mechanic's lien, once it attaches, clouds the interest of the landowner and takes priority over all subsequent encumbrances. K.S.A. 60-1101. The requirement that the person verifying the lien statement swear absolutely to the truth of the facts stated conveys to the signer both the significance of the

ramifications of the lien and the duty to avoid perjury. K.S.A. 1983 Supp. 21-3805. A qualified verification statement would permit the verifier to affirm facts as accurate upon hearsay or mere belief without actual knowledge of the truth. Such limited knowledge should not be permitted to justify the encumbrance of another's realty. See *Climate Control Co. Inc. v. Bergsieker Refrig.*, 196 Mont. 405, 408-09, 640 P.2d 442 (1982).

Plaintiff contends that the qualification in the verification attached to his lien statement stating that it was true to the "best of his knowledge and belief," should not be fatal to the lien's enforcement because he was both the lien claimant and executor of the verification. He contends that since he is the claimant who performed the work and had actual knowledge of the truth of the statements made in the lien document, the verification to the best of his knowledge and belief should be adequate. Unlike the agent in *Dorman* who may or may not have had the actual knowledge necessary to swear to the truth of the statements being verified, plaintiff argues that the truth to the best of principal/claimant's knowledge is equivalent to the truth.

Despite the probable accuracy of plaintiff's claim of actual knowledge, neither the lien statement nor the verification indicates that plaintiff personally carried out the described work or had knowledge of the propriety of the charges. Thus, the only thing about plaintiff revealed in the lien statement which distinguishes his position from that of the affiant in *Dorman* is his status as sole proprietor rather than agent of the business claiming the lien. If this distinction is sufficient to permit a qualified verification by plaintiff while an agent/affiant must swear to the truth absolutely, then it would have to be assumed that any person who operates a business as a sole proprietor has knowledge of the truth of the statements which would be made in a lien statement. The organizational basis of the lien claimant as a sole proprietorship rather than a partnership or corporation would determine the nature of the verification required to create a valid lien. In other words, the sole proprietor who filed a lien statement with a qualified verification would still have a valid lien even though the same verification when used by a partner or corporate officer would have to be found insufficient. The meaning of the word "verified" in K.S.A. 60-1102 would then vary depending upon the status of the claimant filing the lien.

On the other hand, if plaintiff's verification was acceptable not simply because of some *presumed* degree of knowledge but because of the actual knowledge demonstrated in subsequent deposition testimony, the door would be opened for curing a faulty verification by later testimony. Such a result would contradict those opinions which have concluded that an invalid lien statement may not be amended to make it valid. See, *e.g., Logan-Moore Lumber Co. v. Black,* 185 Kan. 644, 651, 347 P.2d 438 (1959). It is the actual information contained within the verification or body of the lien statement which must indicate that a person with authority to do so swears to the truth of the statement itself.

In sum, had plaintiff's statement included information evidencing his personal knowledge of the accuracy of the claims made, a qualified verification might have been acceptable. See *Trane,* 234 Kan. at 352. Absent any indication that plaintiff's best knowledge and belief was the same as the truth, the ancient precedent dictates that a less than absolute verification is insufficient. This requirement is a prerequisite to an effective lien's creation and such conditions on the mechanic lien's validity must be strictly construed. *Holiday Development,* 219 Kan. at 704-05.

We adhere to the holding in *Dorman* and reaffirm that a verification stating that the lien statements and attached exhibits are true and correct to the best of the affiant's knowledge and belief, without a showing that he had any knowledge of the subject, is insufficient. Thus, we agree with the trial court that the verification in this case was qualified and not the absolute verification required to satisfy K.S.A. 60-1102.

Affirmed.