R. Wayne Lampson Wyandotte County Counselor Wyandotte County Courthouse 710 N. 7th Street Kansas City, Kansas 66101
Dear Mr. Lampson:
You request our opinion regarding the application affidavit required by 1994 senate bill no. 459 to be completed and executed by a qualified person in order for that person to participate in the property tax amnesty program authorized by the bill. Specifically you inquire whether the application affidavit must be notarized and whether the unsworn affidavit provision of K.S.A. 1993 Supp. 53-601 may be substituted for a sworn affidavit for purposes of complying with the application affidavit requirement.
Section 1 of 1994 senate bill no. 459 provides in part as follows:
 "(b) Upon completion and execution of an application affidavit for eligibility for participation in the amnesty program by a qualified person, and payment of all or a portion of delinquent property tax, the county treasurer shall cancel all accumulated interest which has accrued upon the amount of such tax paid."
There is no mention made in the bill of any notarial act requirement. However, the act does require the completion and execution of an affidavit which by its nature usually involves the giving of an oath or affirmation. Black's Law Dictionary 58 (6th ed. 1990). See also City ofAtchison v. Bartholow, 4 Kan. 124, 139 (1866); Halsey v. PatReichenberger Lumber, Inc., 5 Kan. App. 2d 622, 623 (1981). In Kansas, oaths and affirmations may be given by notaries public as well as certain public officers. K.S.A. 54-101. Because administering an oath or affirmation is a notarial act, K.S.A. 1993 Supp. 53-502(a), giving an affidavit normally indicates the performance of a notarial act. Nonetheless, K.S.A. 1993 Supp. 53-601, with certain limited exceptions, allows substitution of an unsworn written declaration, subscribed by the person as true under penalty of perjury, for a sworn affidavit if the declaration is in substantially the form required by that statute. None of the exceptions listed in subsection (b) of K.S.A. 1993 Supp. 53-601
apply to the affidavit required by 1994 senate bill no. 459. If this statute is used and a valid unsworn declaration is given in place of a sworn affidavit, there would be no requirement for any notarial act to be performed. See Attorney General Opinion No. 90-64. A false declaration given under K.S.A. 1993 Supp. 53-601 and falsifying an oath both give rise to prosecution for perjury. K.S.A. 1993 Supp. 53-601; K.S.A. 54-105.
In conclusion, the application affidavit required by 1994 senate bill no. 459 does not require notarization if an unsworn written affidavit, subscribed under penalty of perjury, in substantially the form required by K.S.A. 1993 Supp. 53-601 is given in lieu of a sworn affidavit.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm