(96 P.3d 692)
No. 91,597

STEPHEN and ELIZABETH JANKORD, d/b/a JANKORD CON-
STRUCTION, *Appellees,* v. MIKE W. LIN, JOANN LIN, and UMB
FINANCIAL CORPORATION, *Appellees,* and MEAD BUILDING
CENTER OF MANHATTAN, INC., *Appellant.*

Opinion filed
September 3, 2004.

*Henry Otto,* of Manhattan, for appellant.

*John D. Conderman* and *Erika K. Knopp,* of Arthur-Green, LLP, of Manhattan,
for appellees Mike W. Lin and JoAnn Lin.

Before RULON, C.J., GREEN and MARQUARDT, JJ.

MARQUARDT, J.: Mead Building Center of Manhattan, Inc.
(Mead) appeals the trial court's grant of summary judgment to
Mike W. Lin and JoAnn Lin based on the invalidity of its me-
chanic's lien. We affirm.

The facts in this appeal are undisputed. The single issue is whether Mead's mechanic's lien was valid.

In September 2000, Stephen and Elizabeth Jankord, d/b/a Jankord Construction, (Jankords) submitted a bid of $92,810 for the construction of a garage/studio at the Lins' residence. In August 2001, $10,000 was added to the bid. Later, the cost was increased to $181,390.11 because the initial bid was "naive."

On February 27, 2002, Mead filed a mechanic's lien for $32,141.27 for the value of the materials delivered to the Lins' property for which it had not been paid. In April 2002, the Jankords filed a mechanic's lien in the amount of $181,390.11. Mead promptly filed a motion to intervene in the Jankords' action, which was granted.

In February 2003, Mead filed a motion for summary judgment against the Jankords and a motion for partial summary judgment against the Lins. The action involving the Jankords is not an issue in this appeal. The Lins filed a motion for summary judgment claiming that Mead's mechanic's lien was not valid.

The trial court granted the Lins' motion for summary judgment stating that Mead's mechanic's lien failed to meet the statutory requirement that an individual who signs a mechanic's lien in a representative capacity must identify his or her representative capacity. Mead timely appeals.

The first line of Mead's mechanic's lien reads, in relevant part:

"Know all Men by this Statement: That Nicholas Thilges/Mead Building Centers of Manhattan, the undersigned, claims a lien as provided by law upon the whole of the following described tract and piece of land . . . ."

Where the document is signed, it simply says: "Nicholas J. Thilges." It is undisputed that Thilges is Mead's manager.

On appeal, Mead argues that the descriptive slash used at the top of the document is sufficient to indicate his representative capacity, thus creating a valid lien. Mead contends that the law favors flexibility when determining the validity of a mechanic's lien and a reasonable person would conclude that Thilges signed the lien for Mead in his representative capacity.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. See *Bracken v. Dixon Industries, Inc.*, 272 Kan. 1272, 1274-75, 38 P.3d 679 (2002).

Although the mechanic's lien statutes are to be liberally construed once the lien has attached, the requirements for the lien to come into existence must be strictly met. *Lewis v. Wanamaker Baptist Church*, 10 Kan. App. 2d 99, 100, 692 P.2d 397 (1984).

It is undisputed that Mead is an incorporated business. A corporation cannot sign a lien statement or verify one. The statement and verification must be signed and executed by some individual acting for and on behalf of the corporation. *Trane Co. v. Bakkalapulo*, 234 Kan. 348, 351, 672 P.2d 586 (1983). In *J. Walters Constr. Co. v. Greystone South Partnership*, 15 Kan. App. 2d 689, 694-95, 817 P.2d 201 (1991), this court held that it was acceptable for an individual signing the lien to use the word "for" in his or her signature.

In *Betz v. Bank of Miami Beach*, 95 So. 2d 891 (Fla. 1957), the Florida Supreme Court considered whether a signature appearing below the typed name of a corporation was sufficient to show representative capacity. The court specifically noted that no preposition preceded the signature. 95 So. 2d at 892. Ultimately, the court concluded that where there was nothing other than the name of the corporation appearing above the signature, there was insufficient evidence to show representative capacity. 95 So. 2d at 894.

In the instant case, no preposition, such as "for" or "by," was used. Only Thilges' name and the name of the corporation appear. Where there is nothing other than the name of the corporation appearing with an individual's signature, there is insufficient evidence to show representative capacity. Also, a slash mark between an individual's name and the name of the corporation is insufficient to show the individual's representative capacity.

The trial court did not err by granting the Lins' motion for summary judgment.

Affirmed.