(86 P.3d 1022)

No. 57,39█

THE HUBER CO., *Appellee*, v. DERRICK J. DESOUZA and CHERILYN DESOUZA, *Appellants*.

Opinion filed February 27, 1986.

*David J. King*, of Davis, McGuire & Thompson, Chartered, of Leavenworth, for the appellants.

*Robert D. Beall*, of Leavenworth, for the appellee.

Before REES, P.J., PARKS and BRAZIL, JJ.

BRAZIL, J.: This is an action on a contract and to foreclose two mechanics' liens. The trial court granted the plaintiff, The Huber Company, a judgment on the contract and foreclosure of the two liens. Defendants Derrick J. DeSouza and Cherilyn DeSouza have appealed only the foreclosures.

The defendants first contend that the two mechanics' liens are invalid because the itemization of the lien claims was insufficient. We agree.

K.S.A. 60-1102(a) provides in relevant part:

"Any person claiming a lien on real property, under the provisions of K.S.A. 60-1101, shall file . . . within four (4) months after the date material, equipment or supplies, used or consumed was last furnished or last labor performed under the contract a verified statement showing:

. . . .

"(4) a *reasonably itemized statement* and the amount of the claim, but if the amount of the claim is evidenced by a written instrument . . . a copy thereof may be attached to the claim in lieu of the itemized statement." (Emphasis supplied.)

"Since the mechanic's lien is purely a statutory creation, only strict compliance with the provisions in the statute will give rise to an enforceable lien. [Citation omitted.]" *Scott v. Strickland,* 10 Kan. App. 2d 14, 20, 691 P.2d 45 (1984).

K.S.A. 60-1102 was last amended in 1963 and the language "reasonably itemized statement" replaced the requirement of itemization "as nearly as practicable." L. 1963, ch. 303, 60-1102; see *Kopp's Rug Co. v. Talbot,* 5 Kan. App. 2d 565, 571, 620 P.2d 1167 (1980). Two recent Court of Appeals cases have considered this new language. In *Kopp's,* the court rejected defendant's claim that the lienholder's "failure to separate the labor cost from the materials cost is unreasonable itemization and renders the lien invalid." 5 Kan. App. 2d at 571. In *Scott v. Strickland,* the court restated the *Kopp's* analysis of the statute: "K.S.A. 60-1102(a)(4) requires that a statement be given which is neither excessive nor insufficient in detail but which is fair and sufficient to inform the landowner of the claim and to enable him to ascertain whether the material was furnished and the charges fair. [Citation omitted.]" 10 Kan App. 2d at 23.

*Scott* involved a lien statement which incorporated attached photocopies of invoices that were largely illegible. The court noted that, despite the poor quality of the copies, it was possible to determine that most of the materials were a type that would have been used in the work and the total charge on each invoice could

be read. The court held that this was enough to allow the land-owner to determine whether the material was furnished and the amount claimed reasonable. 10 Kan. App. 2d at 23-24.

In the instant case, the lien statements as filed are before the court and no factual issues were raised about them. The September 30 agreement was attached to each lien statement as the only supporting document. Therefore, applying the statute and precedent to these facts, it seems clear that the lien statements filed by Huber were not "fair and sufficient" to inform the DeSouzas of Huber's claims. For the business property, the statement and contract at best indicate that the parties agreed that some work would be done and that the price would be figured on a cost-plus basis. There is no indication what labor was actually done nor what materials were actually provided, except the bare assertion that money was due for "materials and labor to repair and renovate." There is no indication how Huber arrived at the amount due on the property—no statement of total charges due or credit for payments made. The contract added no true itemization to the description of the work or amount contained in the statement itself. For the residence, the statement and contract do not even indicate that the parties agreed to any work or price.

The trial court apparently upheld the liens by determining that the dealings between the parties and the itemized billings Huber sent the DeSouzas remedied any deficiencies in the filings. The question then arises whether the filings may be supplemented in this way.

The requirement, noted in *Scott*, of strict compliance with the statute indicates that the answer is no. K.S.A. 60-1102 requires the lien statement to contain a "reasonably itemized statement." In a recent case involving a challenge to a verification that was signed by someone other than the claimant, the Supreme Court said: "The lien statement's validity must be ascertained from its four corners." *Trane Co. v. Bakkalapulo*, 234 Kan. 348, 352, 672 P.2d 586 (1983). Two older cases held that statutory liens are valid only if the lien statement is complete by itself. *Reeves v. Kansas Coop. Wheat Mk't Ass'n*, 136 Kan. 306, 309-10, 15 P.2d 446 (1932) (thresher's lien); *Blattner v. Wadleigh*, 48 Kan. 290, 295, 29 Pac. 165 (1892). In

*Blattner*, the mechanic's lien statement was filed by the district court clerk under the name of the property owner but did not contain the owner's name. The court held the lien invalid, rejecting arguments that other records in the clerk's office gave the name. These cases indicate that the lien statement may not be supplemented by evidence outside its contents.

The plaintiff argues that if the court finds the liens were not reasonably itemized then they are valid by reason of the written contract attached to each.

The plaintiff cannot prevail on this argument. K.S.A. 60-1102(a)(4) permits substitution of the written instrument for the itemized statement only when it evidences the *amount* of the claim. Since K.S.A. 60-1101 requires the lien to be based on a contract with the owner of the property, applying the exception in this case would make it available whenever a written contract with some dollar figure in it existed. The more sensible approach is to limit the exception to cases where the writing contains exactly the dollar amount claimed by the lienholder.

The defendants also contend that the liens are invalid because the amounts of the claims do not relate to labor and materials furnished to the respective properties and that the liens were not timely filed. In view of our finding that the liens were not "reasonably itemized," we need not address these issues.

During oral argument, the plaintiff conceded the mechanics' liens might be invalid but urged this court to affirm the trial court's judgment on the contract. From our review of the record, that portion of the trial court's judgment has not been challenged on appeal. Prior to trial, the defendants filed a motion to dismiss the liens, and on at least three occasions they asked for a jury trial on the issue relating to what amount, if any, was owed to the plaintiff. The requests for a jury were denied prior to trial and the case proceeded to trial to the court. The defendants have not appealed from the order denying a jury and have not briefed that issue. Where a party fails to brief an issue, that issue is waived or abandoned. *Puritan-Bennett Corp. v. Richter*, 235 Kan. 251, 254-55, 679 P.2d 206 (1984).

The trial court's judgment for monetary damages is affirmed. The court's judgment granting foreclosure of the two liens is reversed.