(178 P.3d 53)

No. 97,329

Douglas Buchanan, *Appellee*, v. Jerry W. Overley and Carol
J. Overley, *Appellants*, and Community Bank of Wichita,
Inc., *Appellee*.

Opinion filed
March 7, 2008.

*Todd A. Luckman,* of Stumbo, Hanson & Hendricks, L.L.P., of Topeka, for appellants.

*James R. Gilhousen,* of Crockett & Gilhousen, of Wichita, for appellee Douglas Buchanan.

Before GREENE, P.J., MCANANY and BUSER, JJ.

MCANANY, J.: This appeal raises issues regarding the validity of a mechanic's lien for services performed in the construction of a residence. The homeowners challenge the lien on the grounds that the form of the lien statement does not comply with the requirements of K.S.A. 60-1102(a) and it was not timely filed. Since resolution of this appeal turns on the adequacy of the mechanic's lien statement itself, we need not reach the timeliness issue. Thus, our recital of the facts is abbreviated to include only those necessary for consideration of the adequacy of the lien statement.

Jerry and Carol Overley contracted with Douglas Buchanan for the construction of a single-family home on land owned by the Overleys in Wichita. The parties also entered into an undated arbitration agreement which does not specifically refer to the project and which was not incorporated by reference into the construction contract. Nevertheless, the parties apparently treated the arbitration agreement as part of the construction contract.

During the course of construction the Overleys objected to the quality of Buchanan's work. Buchanan refused to make repairs satisfactory to the Overleys, and the Overleys stopped their progress payments to him. Buchanan gave the Overleys written notice of default pursuant to the contract. When the Overleys refused to cure the default, Buchanan initiated arbitration proceedings and filed his mechanic's lien statement.

The parties participated in arbitration proceedings, following which the arbitrators entered an award in favor of Buchanan in the amount of $49,542.64. Buchanan immediately filed an action in the district court to confirm the award. The Overleys objected and sought to vacate or modify the award. The district court denied relief to the Overleys and confirmed the arbitration award.

The Overleys then sought relief by filing their petition in bankruptcy. The parties later agreed that Buchanan could pursue a state

mechanic's lien foreclosure action as an exception from the bankruptcy automatic stay. As a result, Buchanan filed a petition to foreclose his mechanic's lien. The Overleys unsuccessfully moved to dismiss the petition as untimely. They then moved for summary judgment, claiming that Buchanan's mechanic's lien statement was defective and had been filed untimely. The court denied summary judgment. Later the district court granted Buchanan's motion to strike the Overleys' defenses and ordered foreclosure of the mechanic's lien. This appeal followed.

### Adequacy of the Mechanic's Lien Statement

The Overleys contend Buchanan's lien is invalid due to his failure to include his address on the face of the verified lien statement as required by K.S.A. 60-1102(a). Whether Buchanan's lien statement complied with K.S.A. 60-1102 is a question of law over which our review is unlimited. See *LSF Franchise REO I v. Emporia Restaurants, Inc.*, 283 Kan. 13, 19, 152 P.3d 34 (2007).

Before 1992, the statute describing the contents of a mechanic's lien statement did not require inclusion of the lien claimant's address. However, at the time Buchanan filed his lien statement, K.S.A. 60-1102(a) had been amended to require that his verified statement include "the name and address sufficient for service of process of the claimant."

The purpose of a mechanic's lien statute is to afford security to any persons or entities furnishing labor, equipment, material, or supplies used or consumed for the improvement of real property under a contract with the owner or the owner's general contractor. While we liberally construe our mechanic's lien statute *once a lien has attached*, Kansas law requires strict compliance with the procedure prescribed in the statute in order to perfect a mechanic's lien. *Haz-Mat Response, Inc. v. Certified Waste Services Ltd.*, 259 Kan. 166, 170, 910 P.2d 839 (1996).

The statute does not require the filing of any particular form of mechanic's lien statement, only that the requisite information be included. A verified mechanic's lien statement need not be composed of a single document. In fact, K.S.A. 60-1102(a) specifically contemplates the incorporation by reference of information con-

tained in an attachment to the mechanic's lien statement. K.S.A. 60-1102(a)(4) permits the attachment of a promissory note to the claim in lieu of an itemized statement. Nevertheless, Kansas law is clear that a mechanic's lien statement must not only contain the requisite information but also be fully verified. "[T]he lack of a verification in the statement filed necessarily defeats the lien." *Kansas Lumber Co. v. Wang*, 12 Kan. App. 2d 20, 22, 733 P.2d 1266 (1987).

The problem in the present case arises when we consider whether Buchanan properly verified his address. Here, Buchanan used a preprinted lien statement form which identified the Overleys as the owners, Buchanan as the contractor, the legal description of the property, and the amount claimed for which a lien was asserted. It also specified that "*said labor and materials* and the items thereof, as nearly as practical, are set forth in the bill of items hereto attached, made a part of this statement, and marked Exhibit 'A'." (Emphasis added.) There followed Buchanan's signature and his verification of the truth of his lien statement.

Exhibit A, attached to the lien statement, consisted of a multitude of bills and invoices for labor and materials provided to the project, many of which contained a mailing address for Buchanan in Derby. The contract between Buchanan and the Overleys was a cost-plus contract which obligated the Overleys to "pay for all materials and labor required to construct the residence to the point of occupancy." Buchanan's fee was "a 10% contracting fee" applied to the overall cost of construction. The invoices attached to Buchanan's lien statement, which showed his address, were invoices sent to him by suppliers of labor and materials to the project. The address for Buchanan shown on the invoices was the address used by the suppliers.

K.S.A. 60-1102(a)(4) requires the lien claimant to include in the lien statement "a reasonably itemized statement and the amount of the claim, but if the amount of the claim is evidenced by a written instrument, or if a promissory note has been given for the same, a copy thereof may be attached to the claim in lieu of the itemized statement." Buchanan's lien statement claims $49,285.63 for labor and materials on the project, "and said labor and materials

and the items thereof, as nearly as practicable, are set forth in the bill of items hereto attached, made a part of this statement and marked Exhibit 'A'." In the verification of his mechanic's lien statement, Buchanan asserts that he is "the above named contractor and claimant and that the foregoing statement is true."

The relevant statement Buchanan verified as true is that the charges that make up his $49,285.63 claim are set forth in the bills attached as Exhibit A. Nowhere does he verify that the address used by suppliers on a number of the attached invoices is sufficient for service of process upon him. Nowhere else in his lien statement does Buchanan state his address.

The present dispute is typical of those between owners and contractors. An owner who is dissatisfied with the adequacy of the work often stops progress payments to the contractor and demands corrections. When negotiations stall, either the contractor files a mechanic's lien, or the owner hires another contractor to complete the job and files an action against the original contractor for breach of contract, or both. In 1992, the legislature amended K.S.A. 60-1102 to require that the lien claimant provide an address sufficient for service of process. The purpose of the 1992 amendment is to provide the owner with an address in order to perfect service of process on the contractor in, for example, such a breach of contract suit.

Here, an address for Buchanan was contained in the invoices incorporated by reference into the lien statement. There apparently is no contention that the address was insufficient to effect service of process on Buchanan. However, it has long been the law of this state to demand strict compliance with our statutory requirements in order to perfect a mechanic's lien. As stated in *Ekstrom United Supply Co. v. Ash Grove Lime & Portland Cement Co.*, 194 Kan. 634, 635, 400 P.2d 707 (1965):

"It is a settled rule in this state that equitable considerations do not ordinarily give rise to a mechanic's lien. Being created by statute, a mechanic's lien can only arise under the circumstances and in the manner prescribed by the statute. A lien claimant must secure a lien under the statute or not at all. [Citation omitted.]"

This court is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its pre-

vious position. *State v. Singleton*, 33 Kan. App. 2d 478, 488, 104 P.3d 424 (2005); *Noone v. Chalet of Wichita*, 32 Kan. App. 2d 1230, 1236, 96 P.3d 674, *rev. denied* 278 Kan. 846 (2004).

In its memorandum decision on this point, the district court relied upon *Trane Co. v. Bakkalapulo*, 234 Kan. 348, 352, 672 P.2d 586 (1983), for the proposition that "an affidavit referring to an attached instrument 'is as full and complete as if the matters stated in such instrument were set out in the affidavit itself.' " We do not believe that *Trane* controls. In *Trane*, attorney Charles Wilson, having a power of attorney from his client giving him authority to do so, filed a mechanic's lien statement on behalf of his client. He signed the statement: "Charles R. Wilson, Attorney at Law and Attorney in fact for Claimant." The verification which followed, however, was signed by Wilson without any description of his authority. Our Supreme Court stated: "The purpose of the verification is to verify the truth of the matter set forth in the document being verified. 'A verification is an affidavit attached to a statement as to the truth of the matters therein set forth.' [Citation omitted.]" 234 Kan. at 352. Since the lien statement recited that Wilson was attorney in fact for the claimant, this assertion was sworn to in the verification and it was unnecessary for Wilson to repeat in the verification his authority to act for his client, the claimant. In the case now before us, "the matter set forth in the document being verified" was not that Buchanan could be served with process at an address in Derby, not even that Buchanan's address was in Derby. He simply verified that "the foregoing statement is true." With respect to the invoices attached as Exhibit A, the assertion which he verified was that the labor and materials provided on the project were fairly set forth in the attached invoices, nothing more.

This court has taken seriously the admonition to demand strict compliance with the statute in order to uphold a mechanic's lien. For example, in *Lewis v. Wanamaker Baptist Church*, 10 Kan. App. 2d 99, Syl., 692 P.2d 397 (1984), the verification of a mechanic's lien statement was found deficient because the claimant, who verified the statement, did so "to the best of [his] knowledge and belief." The court concluded that the fact that one can presume the claimant, who was a sole proprietor and who verified the

lien statement, would have actual knowledge of the work performed and the materials supplied did not excuse a less than absolute verification of the truth of the facts asserted in the lien statement. Further, the fact that pretrial discovery could later disclose the truth of claimant's statement did not overcome the defect in the lien statement. 10 Kan. App. 2d at 101-02.

In summary, the statute requires that the claimant verify the truth of the facts asserted in the mechanic's lien statement. The mechanic's lien statement asserted that the labor and materials supplied to the project were set forth in the attached Exhibit A. Buchanan verified this fact: that the labor and materials supplied to the project were set forth in Exhibit A. He did not state, nor did he verify, his address for purposes of service of process, as required by the statute. Accordingly, Buchanan failed to comply with the requirements of the statute for perfection of a mechanic's lien.

Because Buchanan failed to strictly comply with the requirements of K.S.A. 60-1102 by not verifying his address sufficient for service of process, the district court erred in holding that the lien was valid. Given this outcome, it is unnecessary for us to consider the Overleys' claim that Buchanan's mechanic's lien statement was not filed in a timely manner.

Reversed.

GREENE, J., dissenting: I respectfully disagree with my colleagues in their conclusion that Douglas Buchanan failed to comply with the requirements of K.S.A. 60-1102 by not verifying his address sufficient for service of process.

Examining the lien statement itself, there is no question that the "address sufficient for service of process of the claimant" is present at least 21 times on the attachments referenced as Exhibit A and "made a part of [the lien] statement." Jerry and Carol Overley concede as much but argue that Buchanan failed "to include his address on the face of the lien statement" and failed to verify the address as sufficient for service of process. There is no contention that the address shown on the invoices was incorrect or otherwise inadequate for service of process.

K.S.A. 60-1102 does not require that the address of the claimant be verified as the majority holds. In fact, the statute provides that the address of the claimant is among those items to be "showing" on the lien statement and that the statement be verified. There is simply no requirement that the address be verified. The statute provides in material part:

"Any person claiming a lien on real property . . . shall file . . . a verified statement showing:

. . . .

(2) the name and address sufficient for service of process of the claimant."

Even if the statute is construed as requiring verification of the address, its inclusion on an attachment incorporated within the statement was sufficient. Notably, the statement included by reference the address of the claimant sufficient for service of process, and the statement was indeed verified in compliance with the statute. Read in context, the statement showed that Buchanan, who is previously identified as "Claimant," "did under contract with [Overleys, owner of the property] perform labor and furnish material for the construction of a residence in and upon said property" and "said labor and material and the items thereof, as nearly as practicable, are set forth *in the bill of items hereto attached, made a part of this statement and marked Exhibit 'A'.*" (Emphasis added.) The majority apparently reads the statement as incorporating and verifying only the labor and material provided, but it is clear that what is incorporated and subsequently verified is the entirety of "the bill of items hereto attached" and that said "bill of items" *includes the address of the claimant.*

I appreciate that strict compliance with the statutory procedures is generally required. See *J. Walters Constr. Co. v. Greystone South Partnership*, 15 Kan. App. 2d 689, 691, 817 P.2d 201 (1991). With all due respect to my colleagues, however, I believe they have taken "strict compliance" to a level never before required by our case law and beyond. I believe we should recognize that liens for labor and material are codified within our code of civil procedure and subject to its general rule that its provisions "shall be liberally construed and administered to secure the just, speedy and inexpensive

determination of every action or proceeding." K.S.A. 60-102. This general entreaty should provide the context for any "strict" compliance requirement; lien statements must be complete in showing the statutory elements and they must be verified, but there is no call for the finespun distinction embraced by the majority.

"The lien statement's validity must be ascertained from its four corners," and when an attachment has clearly been incorporated by referenced, its contents deserve scrutiny as part of the statement. See *Trane Co. v. Bakkalapulo*, 234 Kan. 348, 352, 672 P.2d 586 (1983). I respectfully suggest that our case law has not always been "strict" in such matters, but rather it has been more liberal in construing lien statement requirements than the abstract rule might imply. See, *e.g.*, *Star Lumber & Supply Co. v. Capital Constr. Co.*, 238 Kan. 743, 715 P.2d 11 (1986); *Kansas Lumber Company v. Wang*, 12 Kan. App. 2d 20, 733 P.2d 1266 (1987); *Kopp's Rug Co. v. Talbot*, 5 Kan. App. 2d 565, 620 P.2d 1167 (1980).

I would hold that Buchanan's lien statement complied with the statute, that the provisions of K.S.A. 60-1103 are inapplicable to this case, and that his action to enforce the lien was timely filed based upon applicable bankruptcy law. For all of these reasons, I would affirm the district court.