(154 P.3d 515)
No. 97,086

IN RE: A MECHANIC'S LIEN AGAINST THE CITY OF
KANSAS CITY, KANSAS.

Opinion filed March 23, 2007.

*Stephen R. Miller, David R. Vandeginste,* and *Heath A. Hawk,* of Miller Law Firm, P.C., of Kansas City, Missouri, for appellants.

*Jason B. Prier* and *Timothy P. Orrick,* of Foth & Orrick, L.L.P., of Overland Park, for appellee.

Before GREENE, P.J., MALONE and HILL, JJ.

MALONE, J.: Mark One Electric Company, Inc., and AT Industrial Sheet Metal (Mark One) appeal the district court's determination that Mark One's mechanic's lien did not attach to the fee simple interest in real property held by the Unified Government of Wyandotte County/Kansas City, Kansas (Unified Government). The district court determined that Mark One's lien was fraudulent

based upon a motion for judicial review of the status of the lien pursuant to K.S.A. 58-4301. Mark One claims the district court exceeded its scope of authority under the statute in making this determination. This case presents an issue of first impression in Kansas.

Trans World Transportation Services, LLC (Trans World) leased commercial property from Unified Government located at 420 Kindelberger Road, Kansas City, Kansas. During the lease term, Trans World contracted with Mark One to make improvements on the property. Mark One was not paid for the improvements, so on March 31, 2006, Mark One filed a mechanic's lien against the property. The lien asserted a claim for labor, materials, and services provided to Trans World in the amount of $224,366.90, plus interest.

On May 1, 2006, Unified Government filed a motion for judicial review of the status of the lien pursuant to K.S.A. 58-4301, claiming the lien was fraudulent and should not attach to Unified Government's interest in the property. Pursuant to the statute, Unified Government attached an affidavit and other documents to its motion. The documents claimed that Unified Government never authorized or consented to any of the improvements made by Mark One and that Trans World did not act as Unified Government's agent in requesting Mark One to make the improvements.

On May 24, 2006, Mark One filed a response to the motion, including an affidavit and other documents attached as exhibits. Mark One claimed Unified Government had knowledge of and consented to the improvements to the real property. Mark One alleged Unified Government had required Trans World to make the improvements to the property as part of an agreement wherein Trans World was going to purchase the property from Unified Government. This purchase agreement never closed.

As evidence of Unified Government's consent to the improvements, Mark One provided the district court with copies of emails from counsel for Trans World to counsel for Unified Government. One email discussed the fact that certain improvements would be made to the property as part of the purchase agreement. These improvements included repaving the parking lot, sealing and paint-

ing the building's exterior, remediating the asbestos in the building, and improving landscape around the property. However, none of the work performed by Mark One was for these improvements.

In the next email, Trans World's counsel told Unified Government's counsel that Trans World "would like to have some of the work it [had] agreed to complete on the subject property done during the week of Labor Day." In the last email, Trans World stated it would "be making a large number of capital improvements to the Property, some of which are specifically referenced in the [purchase] Agreement and some of which are not. [Trans World] will be completely revamping the HVAC/Heating system for the Property." The improvements to the property provided by Mark One primarily related to the mechanical and electrical work referred to by Trans World in this email. Mark One produced no evidence that Unified Government ever responded to any of the emails.

On May 26, 2006, the district court held a nonevidentiary hearing on the motion. At the hearing, counsel for each party argued their positions on the law and the evidence. In a journal entry dated July 6, 2006, the district court determined there was no evidence that Unified Government authorized or consented to the improvements. This finding created a presumption of a fraudulent lien pursuant to K.S.A. 58-4301(e). The district court determined that the rights of Mark One in the property could rise no higher than the rights of Trans World. Accordingly, the district court set aside Mark One's lien against Unified Government's fee simple interest in the property. Mark One timely appeals.

Mark One claims the district court erred in finding the lien fraudulent under K.S.A. 58-4301. Specifically, Mark One argues the district court exceeded its scope of authority under the statute by making findings of fact based only upon affidavits and documents submitted by the parties to the court. According to Mark One, the district court should have applied a "summary judgment standard" in reviewing the documents, and the district court should only nullify a lien under K.S.A. 58-4301 if, after reviewing the documents and drawing all inferences in favor of the party against whom the ruling is sought, there are no genuine issues of material

fact. Mark One argues that in this case reasonable minds could differ as to the conclusions drawn from the evidence, so the motion for judicial review of the status of the lien should have been denied. Significantly, Mark One has made no claim either in district court or on appeal that K.S.A. 58-4301 is unconstitutional.

The interpretation of a statute is a question of law over which an appellate court has unlimited review. An appellate court is not bound by the district court's interpretation of a statute. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 374, 130 P.3d 560 (2006).

When a district court issues findings of fact and conclusions of law, the function of an appellate court is to determine whether the district court's findings of fact are supported by substantial competent evidence and whether the findings are sufficient to support the district court's conclusions of law. Substantial evidence is such legal and relevant evidence as a reasonable person might accept as sufficient to support a conclusion. *U.S.D. No. 233 v. Kansas Ass'n of American Educators*, 275 Kan. 313, 318, 64 P.3d 372 (2003). However, "[w]here the controlling facts are based solely on written or documentary evidence, an appellate court may determine de novo what the facts established. [Citations omitted.]" *Telegram Publishing Co. v. Kansas Dept. of Transportation*, 275 Kan. 779, 784, 69 P.3d 578 (2003). Because the district court's determination of Mark One's lien was based on the documents filed by the parties, this court's standard of review is de novo.

" 'The fundamental rule of statutory construction is to ascertain the legislature's intent. The legislature is presumed to have expressed its intent through the language of the statutory scheme. Ordinary words are given their ordinary meanings. A statute should not be read to add language that is not found in it or to exclude language that is found in it. When a statute is plain and unambiguous, the court must give effect to the legislature's intent as expressed rather than determining what the law should or should not be.' [Citations omitted.]" *Smith v. Graham*, 282 Kan. 651, 656-57, 147 P.3d 859 (2006).

While courts must give effect to legislative intent and the plain language of a statute, courts may not " 'delete vital provisions or supply vital omissions in a statute. No matter what the legislature may have really intended to do, *if it did not in fact do it, under any reasonable interpretation of the language used*, the defect is

one which the legislature alone can correct.' " *Kenyon v. Kansas Power & Light Co.*, 254 Kan. 287, 293, 864 P.2d 1161 (1993) (quoting *Harris v. Shanahan*, 192 Kan. 183, 196, 387 P.2d 771 [1963]).

K.S.A. 58-4301 was enacted in 1998. A review of the legislative history reveals that the statute, introduced as Senate Bill 408, was promulgated in response to the activities of militias and common-law type groups such as the Freeman and the Christian Court. The activities of these antigovernment groups ranged from the issuance of bogus and fraudulent checks to filing and attempting to file frivolous liens. As a result of this threat from extremist groups, the legislature passed S.B. 408 to provide a quick and efficient method to remove facially bogus liens meant solely to intimidate and harass property owners. See Minutes, Sen. Judiciary Comm., January 15, 1998, attach. 1.

Regardless of the legislative history of K.S.A. 58-4301, "[w]hen a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. [Citation omitted.]" *Hallmark Cards, Inc. v. Kansas Dept. of Commerce & Housing*, 32 Kan. App. 2d 715, 721, 88 P.3d 250, *rev. denied* 278 Kan. 844 (2004). The provisions of K.S.A. 58-4301 are clear and unambiguous, and Mark One makes no claim to the contrary.

Pertinent provisions of K.S.A. 58-4301 are as follows:

"(a)(1) Any person who owns real or personal property . . . and who has reason to believe that any document or instrument purporting to create a lien or claim against the real or personal property . . . is fraudulent . . . may complete and file . . . a motion for judicial review of the status of documentation or instrument purporting to create a lien or claim as provided in this section. Such motion shall be supported by the affidavit of the movant or the movant's attorney setting forth a concise statement of the facts upon which the claim for relief is based. . . .

. . . .
"(b) The court's findings may be made solely on a review of the documentation or instrument attached to the motion and without hearing any testimonial evidence. The district court's review may be made ex parte without delay or notice of any kind. . . .

"(c) After review, the district court shall enter appropriate findings of fact and conclusions of law . . . . The court's findings of fact and conclusions of law may

include an order setting aside the lien and directing the filing officer to nullify the lien instrument purporting to create the lien or claim. . . .

. . . .
"(e) As used in this section, a document or instrument is presumed to be fraudulent if the document or instrument purports to create a lien or assert a claim against real or personal property or an interest in real or personal property and:

. . . .
(2) is not created by implied or express consent or agreement of the obligor, debtor or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by implied or express consent or agreement of an agent, fiduciary or other representative of that person."

Mark One's primary argument is that the district court exceeded its scope of authority under the statute in determining Mark One's lien was fraudulent. Mark One claims the statute only allows the district court to review the "status of documentation or instrument purporting to create a lien" and that the district court is not authorized under the statute to determine the merits and validity of a lien when the evidence concerning enforcement of a lien is disputed. Mark One asserts that a factual dispute existed in this case which should not have been resolved by the district court pursuant to the expedited procedure set forth in K.S.A. 58-4301.

We note that at the hearing in district court, Mark One did not complain about the procedural aspects of the statute until after the district court had made its ruling. Furthermore, although K.S.A. 58-4301 allows a district court to review lien documentation without hearing any testimonial evidence, the statute does not prohibit the district court from hearing testimony, if requested. In this case, Mark One never requested the district court to hear testimony or to consider any evidence other than the documents Mark One attached to its response to the motion.

In any event, we disagree with Mark One's contention that the district court exceeded its scope of authority granted in K.S.A. 58-4301. The statute allows any person who believes that a fraudulent lien has been filed against his or her property to file a motion for judicial review of the status of the lien. The district court is authorized to determine the status of the lien based solely on affidavits and documents attached to the motion. In fact, the district

court is authorized to make this determination on an ex parte basis. Here, Mark One was permitted to file a response to the motion, and the district court did not restrict the documentation Mark One presented for review. The district court also conducted a nonevidentiary hearing in which legal counsel for each party extensively argued their positions on the evidence and the law.

Furthermore, K.S.A. 58-4301(c) specifically authorizes the district court to enter appropriate findings of fact and conclusions of law. If the district court finds that a purported lien is fraudulent as defined by the statute, the district court is empowered to enter an order setting aside or nullifying the lien. Because the statute expressly allows the district court to make findings of fact, Mark One's argument that the district court should apply a "summary judgment standard" is clearly unfounded.

Here, the district court fully complied with the statute's unambiguous language, and the district court did not exceed the scope of its authority granted under the statute. Therefore, our only remaining task is to determine whether the district court's findings of fact and conclusions of law were supported by substantial competent evidence. As previously stated, because the district court's determination was based on documentation which we are in the same position to examine, our standard of review is unlimited.

The primary factual issue in this case was whether Unified Government authorized or consented to the improvements of the property or whether Trans World acted as Unified Government's agent in requesting Mark One to make the improvements. In *Lentz Plumbing Co. v. Fee*, 235 Kan. 266, 272, 679 P.2d 736 (1984), our Supreme Court indicated that real property may be subject to a lien for work completed at the demand of a lessee where the lessee is regarded as an agent of the lessor.

"If the lessee acts for himself, no lien will attach to the property of the lessor. But where the owner rents his property to another and stipulates in the lease that improvements may be made on the property by the lessee, and the expense thereof deducted from the rentals to be paid him, the lessee may be regarded as the agent of the owner, and those doing the work and furnishing materials for improving the property will be entitled to a lien on the interest and estate of the lessee and the owner. [Citation omitted.]" 235 Kan. at 273.

*Lentz* did not involve a motion for judicial review of the status of a lien under K.S.A. 58-4301. However, the statute defines a fraudulent lien in a manner that is consistent with the test enunciated in *Lentz*. Pursuant to K.S.A. 58-4301(e)(2), a document purporting to create a lien is presumed to be fraudulent if it "is not created by implied or express consent or agreement of the obligor, debtor or the owner of the real or personal property . . . or by implied or express consent or agreement of an agent, fiduciary or other representative of that person." Thus, the precise question for the district court to determine in this case was whether Mark One's lien was created by implied or express consent of Unified Government as owner of the real property or by the implied or express consent or agreement of an agent, fiduciary, or other representative of Unified Government.

Unified Government attached to its motion an affidavit from LaVert Murray, the director of Unified Government's development department. In this affidavit, Murray stated the Unified Government did not authorize Trans World to act on Unified Government's behalf or to bind it to any contract. The affidavit further stated Unified Government did not enter into an express or implied agency relationship with Trans World, and the improvements Trans World undertook were of its own accord and for its own benefit.

Furthermore, Unified Government provided a copy of Mark One's lien, which stated a claim for labor, material, and services supplied in making improvements to the property pursuant to a "contract between Mark One and Trans World." The lien makes no mention of any contract or agreement between Mark One and Unified Government. The proposed purchase contract which never closed between Trans World and Unified Government required Trans World to make capital improvements on the property, including repaving the parking lot, sealing and painting the building's exterior, remediating the asbestos in the building, and improving landscape around the property. Significantly, the evidence established that none of the work performed by Mark One was for these improvements.

Mark One provided evidence that Trans World informed Unified Government through an email about the mechanical and electrical improvements Trans World was going to have completed on the property. However, telling the owner about improvements that are planned is not the same as receiving consent from the owner to make those improvements. Mark One failed to supply any convincing evidence that Unified Government ever authorized or consented to the improvements to the real property made by Mark One. Furthermore, Mark One failed to supply any convincing evidence that Trans World acted as Unified Government's agent in requesting Mark One to make improvements to the property.

We conclude the district court's findings of fact were supported by substantial competent evidence and the findings were sufficient to support the district court's conclusions of law. Based upon the evidence presented, the district court was justified in canceling Mark One's lien to the extent that it purportedly attached to Unified Government's fee simple interest in the property.

We are mindful that this result extinguishes a significant claim filed by Mark One, at least as to Unified Government's interest in real property, with only the limited due process afforded under K.S.A. 58-4301. However, as previously stated, Mark One has not challenged the constitutionality of the statute. The record indicates that the district court complied with the statute, and the district court's findings under the statute were supported by substantial competent evidence. Under these circumstances, the district court's judgment must be upheld.

Affirmed.