NOT DESIGNATED FOR PUBLICATION

No. 124,361

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GRAYCON BUILDING GROUP, INC.,
*Appellant*,

v.

MED RIDGE WEST, LLC,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed December 2, 2022. Reversed and remanded with directions.

*Neil C. Gosch*, of Triplett Woolf Garretson LLC, of Wichita, for appellant.

*Todd E. Shadid* and *Michael L. Baumberger*, of Klenda Austerman LLC, of Wichita, for appellee.

Before WARNER, P.J., HURST, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: Graycon Building Group, Inc. (Graycon) appeals a finding by the district court that its mechanic's lien against property owned by Med Ridge West, LLC (MRW) was invalid under K.S.A. 58-4301(e)(2). Following our review of the record, we reverse the ruling of the district court. A district court considering a petition challenging a mechanic's lien under K.S.A. 58-4301 is limited to resolving the question of whether the purported lien is fraudulent, as that term is defined in K.S.A. 58-4301. We find Graycon's lien is not fraudulent under the statutory definition and that any other challenge to the validity of Graycon's mechanic's lien is governed by K.S.A. 60-1101 et seq.

1

FACTUAL AND PROCEDURAL BACKGROUND

On August 27, 2019, MRW contracted with Graycon to build a restaurant on property MRW owned in Wichita, Kansas. A dispute arose between MRW and Graycon regarding the timeliness and quality of Graycon's work and the amount due under the contract. Graycon claimed MRW owed it $284,818.24, while MRW claimed that Graycon owed it $74,051.83. In the parties' contract, the project architect was tasked with serving as an "Initial Decision Maker" when there was a contractual dispute between the parties. MRW asked the project architect to resolve the dispute. Graycon did not participate or submit any documents to the architect, although MRW submitted information it had received from Graycon concerning various aspects of the dispute. The architect determined that after issuance of the architect's final Certificate of Payment, MRW would owe $9,897.15 to Graycon.

Shortly after receiving the architect's determination, Graycon filed a General Contractor's Mechanic's Lien Statement contending that the value of its lien was $216,209.41. Having last provided materials and labor under the MRW contract on October 5, 2020, and having filed a notice of extension, Graycon was required to file a mechanic's lien statement on or before March 5, 2021—the date upon which the lien statement was filed—in order to perfect and preserve its lien rights. See K.S.A. 60-1102 (a) and (c). In response, MRW filed a motion for judicial review of Graycon's "purported mechanic's lien" as authorized by the fraudulent-lien statute, K.S.A. 58-4301. MRW alleged Graycon was "not entitled to payment from [MRW] and therefore [had] no basis to file a lien." MRW requested the court invalidate the lien, find it fraudulent, and direct the clerk to nullify the lien.

The district court reviewed the documents attached to MRW's motion and allowed argument by counsel for the parties. MRW clarified that it was alleging Graycon's lien was fraudulent under K.S.A. 58-4301(e)(2). The district court ruled that Graycon's lien

violated K.S.A. 2020 Supp. 58-4301(e)(2), but expressly declined to call it "fraudulent," stating, "I will find that the lien—I won't use the word fraudulent, but it is invalid based on the amount." The district court gave Graycon the option of having its entire lien invalidated or accepting a reduction to $9,897.15—the amount the architect determined Graycon was owed. Graycon chose to accept the reduction.

Graycon filed a motion to reconsider, again arguing that it was improper to use the expedited procedure in K.S.A. 58-4301 to address the merits of the lien, and further argued that the determination by the architect was not final because the contract provided for mediation and binding dispute resolution. Oddly, the form of binding dispute resolution chosen by the parties was also mediation. Nonetheless, the district court agreed, and MRW conceded, the amount due to Graycon could change because the contract provided for mediation following the architect's decision. The district court amended its ruling to find the architect's determination, while "final and binding," was subject to mediation. The district court's decision reducing Graycon's lien remained in effect.

In this timely appeal, Graycon contends the district court exceeded its statutory authority by adjudicating Graycon's lien instead of just determining whether the lien was fraudulent or not. Relying largely on our court's analysis in *In re Lien Against the District at City Center*, 57 Kan. App. 2d 884, 462 P.3d 181 (2020), Graycon asserts the district court may examine only the question of whether a lien is fraudulent under K.S.A. 58-4301, and any other question about the validity of the lien must be addressed by applying the procedures in K.S.A. 60-1101 et seq. MRW contends another published opinion from our court, *In re Mechanic's Lien Against City of Kansas City*, 37 Kan. App. 2d 440, 154 P.3d 515, *rev. denied* 284 Kan. 946 (2007), permits the district court to address the issues raised by MRW using the expedited procedure in the fraudulent-lien statute.

ANALYSIS

*Standard of Review*

Interpretation of K.S.A. 58-4301 is a legal question reviewed de novo as is the district court's ruling because it was based on documents filed by the parties. *City of Kansas City*, 37 Kan. App. 2d at 443; see *Montgomery v. Saleh*, 311 Kan. 649, 654, 466 P.3d 902 (2020). The most fundamental rule of statutory interpretation is the Legislature's intent governs if that intent is ascertainable. Courts first try to determine intent through the statutory language, giving common words their ordinary meaning. 311 Kan. at 654. When a statute is plain and unambiguous, courts do not speculate about the legislative intent behind the clear language and refrain from "reading something into the statute that is not readily found in its words." 311 Kan. at 654-55; see *In re M.M.*, 312 Kan. 872, 874, 482 P.3d 583 (2021) ("We will only review legislative history or use canons of construction if the statute's language or text is ambiguous."). "When statutory language is clear and unambiguous, we simply interpret the words used by the Legislature." *Glaze v. J.K. Williams*, 309 Kan. 562, 564, 439 P.3d 920 (2019) (citing *Ambrosier v. Brownback*, 304 Kan. 907, 911, 375 P.3d 1007 [2016]). Here, "[t]he provisions of K.S.A. 58-4301 are clear and unambiguous." *City of Kansas City*, 37 Kan. App. 2d 440, Syl. ¶ 4.

Under the fraudulent-lien statute, a property owner, who has reason to believe that a document purporting to create a lien or claim against real property is fraudulent, can file a motion for judicial review of the status of the documentation and must include an affidavit containing a concise statement of the facts upon which the claim for relief is based. See K.S.A. 2021 Supp. 58-4301(a)(1). The district court reviews the documentation or instrument attached to the motion and may make its findings ex parte and without testimony or notice of any kind. See K.S.A. 2021 Supp. 58-4301(b). The court's findings and conclusions "may include an order setting aside the lien and directing

4

the filing officer to nullify the lien instrument purporting to create the lien or claim." K.S.A. 2021 Supp. 58-4301(c)(2).

The term "fraudulent" as used in the fraudulent-lien statute is a term of art with a specific and limited definition, which is found in K.S.A. 2021 Supp. 58-4301(e):

"(e) As used in this section, a document or instrument is presumed to be fraudulent if the document or instrument purports to create a lien or assert a claim against real or personal property or an interest in real or personal property and:

(1) Is not a document or instrument provided for by the constitution or laws of this state or of the United States;

(2) is not created by implied or express consent or agreement of the obligor, debtor or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by implied or express consent or agreement of an agent, fiduciary or other representative of that person; or

(3) is not an equitable, constructive or other lien imposed by a court with jurisdiction created or established under the constitution or laws of this state or of the United States."

MRW relies on the definition set forth in subsection (e)(2) of K.S.A. 58-4301— that the lien documentation was not created by the consent or agreement of MRW.

*MRW gave implied and express consent to the filing of the lien statement.*

To establish a presumption the lien documentation is fraudulent, MRW must first show that a document or instrument purports to create a lien or assert a claim against MRW's property. This element is satisfied by Graycon's filing of its lien statement because it "assert[s] a claim" against MRW's property. K.S.A. 2021 Supp. 58-4301(e). The second required definitional element MRW must establish is that the documentation is not "created by implied or express consent or agreement" of MRW "if required under the laws of this state." K.S.A. 2021 Supp. 58-4301(e)(2). We find the documentation

5

submitted for review by the district court reflects that MRW gave both implied and express consent to the filing of the lien statement by Graycon.

K.S.A. 60-1101 provides in relevant part: "Any person furnishing labor, equipment, material, or supplies used or consumed for the improvement of real property, under a contract with the owner . . . , shall have a lien upon the property."

The precise requirements of K.S.A. 60-1101 match the facts in this case. Under a contract with MRW, Graycon furnished labor, equipment, material, and supplies used or consumed for the improvement of MRW's real property. K.S.A. 60-1101 plainly provides that, under these circumstances, Graycon "shall have a lien upon the property." It is a statutory lien that attached to MRW's property when improvements to the property were made pursuant to the contract between the parties. Kansas law does not require specific consent for a lien to attach to real property beyond the existence of a contract between the contractor and landowner. By entering into the contract for the improvement of its property, MRW gave its implied consent to the creation of a mechanic's lien.

Express consent also was given by MRW to the filing of the lien statement that MRW now contends is fraudulent. Two provisions contained within the parties' contract are relevant here. First, the parties' agreement provides that rights and remedies under the contract are "in addition to and *not a limitation of duties, obligations, rights, and remedies otherwise imposed or available by law.*" (Emphasis added.) Graycon had a mechanic's lien under K.S.A. 60-1101 as a matter of law, and the parties expressly agreed that nothing in the contract limited rights and remedies otherwise available by law—this contract language would apply to Graycon's mechanic's lien rights and remedies. More significantly, the contract explicitly states, "If a Claim relates to or is the subject of a mechanic's lien, the party asserting such Claim may proceed in accordance with applicable law to comply with lien notice or filing deadlines." Graycon appears to have merely done what the contract explicitly authorized it to do when it filed its lien

6

statement as required by K.S.A. 60-1102. Because the parties' contract shows MRW's express consent for Graycon to file its mechanic's lien statement, MRW's fraudulent-lien claim based on lack of consent fails under K.S.A. 58-4301(e)(2).

In the end, MRW's complaint is not based on the documentation being fraudulent as that term is defined by the fraudulent-lien statute. It is based on an objection to the amount of the lien claim. MRW contends the claimed amount of the lien is invalid because, in MRW's view, the decision by the architect caps the amount that can be validly claimed by Graycon. The district court, after analyzing the parties' contract and allowing only argument by counsel, agreed and reduced the amount of the lien.

In support of the district court's ruling, MRW relies on *City of Kansas City*. In that case, the district court found a lien was fraudulent under K.S.A. 58-4301(e)(2) because there was no evidence the property owner consented to or authorized any improvements to its property. The subcontractor appealed, arguing the district court exceeded the scope of its authority under K.S.A. 58-4301. But the "primary factual issue" and "precise question" in *City of Kansas City* was whether the lien claim was "created by [the] implied or express consent" of the lien claimant—an issue squarely within the ambit of K.S.A. 58-4301(e)(2). 37 Kan. App. 2d at 446-47. The panel upheld the district court and found it fully complied with the statute's unambiguous language by considering the documentation filed by the parties and holding a nonevidentiary hearing, and ruled the district court did not exceed the scope of its authority under K.S.A. 58-4301. 37 Kan. App. 2d at 447-48. We find nothing in *City of Kansas City* which suggests the district court may summarily resolve lien disputes beyond those which fall within the scope of one of the three definitions of "fraudulent" found in K.S.A. 2021 Supp. 58-4301(e)(1)-(3).

Graycon points us to our decision in *District at City Center*, a case involving essentially the same arguments advanced in our present case but applying a different

subsection of the fraudulent-lien statute. A contractor filed a motion under K.S.A. 58-4301(e)(1), alleging the subcontractor's lien was "'not a document or instrument provided for'" by law because the subcontractor's itemization did not strictly comply with the requirements in K.S.A. 60-1102 and K.S.A. 60-1103. 57 Kan. App. 2d at 885-86. The district court found that the subcontractor's failure to strictly comply with lien requirements made the lien fraudulent. Our court reversed the district court, holding that the document filed by the subcontractor was a document provided for by law within the meaning of K.S.A. 58-4301(e)(1) and not fraudulent. The court further held that K.S.A. 58-4301 was not a proper avenue for considering the validity of a mechanic's lien, and to hold otherwise would allow a party "to circumvent the specific statutory provisions governing mechanic's liens and well-established contract law in favor of a summary, ex-parte procedure." 57 Kan. App. 2d at 893-94. The case was remanded to the district court for resolution via the traditional methods available under K.S.A. 60-1101 et seq. We agree with the underlying analysis and reasoning in *District at City Center* and follow its guidance in resolving the present dispute.

*District at City Center* determined that a court considering whether a purported lien is fraudulent under K.S.A. 58-4301(e)(1) must not adjudicate the validity of the lien. 57 Kan. App. 2d at 893. We apply the same rule to claims based upon K.S.A. 58-4301(e)(2). Here, the district court recognized the mechanic's lien was not fraudulent when it upheld Graycon's lien in part, and the district court's analysis should have ended at that point. Intentionally or not, MRW circumvented specific statutory provisions in K.S.A. 60-1101 et seq.—provisions that traditionally govern resolution of disputes about the validity of a mechanic's lien—when it utilized the fraudulent-lien expedited procedure to modify the amount of the mechanic's lien.

The mechanic's lien statutory scheme in K.S.A. 60-1101 et seq. specifically provides various procedures for handling challenges to the merits or validity of a claimed lien. The only procedure addressed in K.S.A. 58-4301 is that for determining whether or

8

not a purported lien is fraudulent. No provision in the fraudulent-lien statute provides for the adjudication of a lien amount when it is in dispute, as it is here. K.S.A. 60-1108 gives specific rights to a property owner in such circumstances. When a petition is filed alleging lien documentation is fraudulent under K.S.A. 58-4301, the district court's sole inquiry is whether the purported lien is presumed to be fraudulent. Whether a lien is invalid for any other reason is simply not a question governed by the fraudulent-lien statute. By its plain language, it addresses only fraudulent liens.

We hold that a district court considering a petition challenging a mechanic's lien under K.S.A. 58-4301 is limited to resolving the question of whether the purported lien is fraudulent as that term is defined in K.S.A. 58-4301(e)(1)-(3). Any other challenge to the validity of a mechanic's lien is governed by the procedures in K.S.A. 60-1101 et seq.

We find Graycon's lien is not fraudulent but express no view on the ultimate validity of the amount claimed in Graycon's mechanic's lien statement. The remaining issues raised on appeal by Graycon are rendered moot by our ruling but may be raised on remand. The judgment of the district court is reversed, and this matter is remanded to the district court for further proceedings consistent with this opinion.

Reversed and remanded with directions.